No. 100,366

STATE OF KANSAS, *Appellee*, v. ERIC L. NEAL, *Appellant*.

(258 P.3d 365)

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 24, 2009. Opinion filed August 5, 2011.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the briefs for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: This case arises out of the district court's summary denial of Eric Neal's motion to correct an illegal sentence under K.S.A. 22-3504 based upon his claims of an incorrect criminal history score. After the Court of Appeals affirmed, we granted Neal's petition for review; our jurisdiction is under K.S.A. 20-3018(b).

We hold the district court erred in denying Neal's 22-3504 motion without conducting an evidentiary hearing. Consequently, we reverse the decisions of the Court of Appeals and district court and remand to the district court for an evidentiary hearing.

FACTS

Neal was convicted in two separate cases in December 2000 of second-degree murder, aggravated battery, aggravated assault, endangering a child, and criminal possession of a firearm. At Neal's sentencing hearing, his counsel expressed concern that the presentence investigation (PSI) report showed his criminal history score to be worse than what she and the prosecutor had discussed. The district court granted Neal a 20-day stay to further investigate his criminal history. Nothing in the record on appeal, however,

indicates that Neal lodged a formal objection to his criminal history, further challenged his PSI score, or that his history was later changed.

According to Neal's PSI, three municipal person misdemeanor convictions were aggregated pursuant to K.S.A. 21-4711(a) to form a single person felony for purposes of calculating his criminal history: his 1987 battery conviction, his 1988 battery conviction, and his 1998 conviction for violating a protective order. At the conclusion of his sentencing hearing, the State proffered certified copies of the disposition sheets/journal entries of two of these convictions. In accordance with that aggregation and resultant criminal history, Neal was eventually sentenced to 618 months for the murder conviction and to total incarceration of 653 months for all convictions.

Neal appealed, claiming an error in his criminal history score but not on the basis of the misdemeanors' aggregation. His convictions and sentences were affirmed by the Court of Appeals in *State v. Neal*, No. 86,756, unpublished opinion filed November 22, 2002.

In August 2007, approximately 7 years after his convictions, Neal filed a 28-page pro se motion to correct an illegal sentence pursuant to K.S.A. 22-3504. He swore its contents were true and his "signature of affiant" was notarized. Of relevance to the present appeal, he generally contended the district court erred in aggregating the municipal misdemeanor convictions into one person felony. More specifically, he argued his 1987 and 1988 battery convictions resulted in suspended jail sentences and were uncounseled, rendering them constitutionally invalid. He claimed that he "was never advised [of], nor did he waive[], his rights to counsel."

Neal contended that because of this district court aggregation error, the court erred in computing his criminal history and then in sentencing him with enhancements based upon that erroneous history. According to Neal, correcting this error would reduce the severity of his criminal history—from B to C—and correspondingly reduce his sentence to 258-285 months. Included in his motion's attachments were the disposition sheets from his 1987 and 1988 municipal misdemeanor convictions.

Without disputing Neal's factual allegations, the State essentially responded that his motion to correct an illegal sentence should simply be denied as a matter of law. Without conducting an evidentiary hearing, the district court dismissed Neal's motion on the grounds asserted by the State. First, the court held that the motion was procedurally barred because Neal had already challenged his criminal history on direct appeal, and he had full opportunity there to raise all issues attacking his convictions and sentence. Second, the court held that Neal received a legal sentence, *i.e.*, it was imposed in conformity with the appropriate statutory provisions and was not ambiguous in either the time or manner in which it was to be served. The court did not address Neal's argument that the suspended jail sentences entitled him to counsel which was never provided nor waived.

The Court of Appeals concluded Neal's motion was procedurally barred as he was improperly using it as a substitute for a second appeal. *State v. Neal*, No. 100,366, 2009 WL 1140329 (2009) (unpublished opinion).

The Court of Appeals panel also concluded that even if it addressed the merits, Neal's motion still failed. Citing *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995), the panel observed that an uncounseled misdemeanor conviction that does not result in incarceration may be included in a defendant' criminal history score, even though it has the effect of enhancing the sentence under the Kansas Sentencing Guidelines Act. Citing *State v. Allen*, 28 Kan. App. 2d 784, 20 P.3d 747 (2001), it further observed that a defendant's right to counsel for a misdemeanor charge did not vest until actual imprisonment, *i.e.*, the right is not triggered if the defendant receives a conditionally suspended sentence or probation. The panel additionally observed that neither Neal's 1987 nor 1988 convictions resulted in actual imprisonment; he was merely fined and given probation. It therefore concluded these convictions never triggered Neal's right to counsel.

The panel noted as an alternate basis for its holding that, should a record indicate that a misdemeanor conviction did result in jail time, it must then be shown that the defendant was either represented by counsel or that the State has proven, by a preponderance

of the evidence, that defendant waived counsel before such a conviction can be included in the criminal history. 2009 WL 1140329, at *3 (citing *Allen*, 28 Kan. App. 2d at 788). The panel opined that the disposition sheets in both the 1987 and 1988 battery convictions "reflect[] a waiver of counsel and indicate[] that '[d]efendant has been advised of his constitutional rights and enhancements.' " 2009 WL 1140329, at *3. Overall, because of the absence of Neal's incarceration, and the presence of his constitutional rights advisory and waiver, the panel held his misdemeanor convictions were ripe for aggregation under K.S.A. 21-4711.

Additional facts will be added as necessary to our analysis.

## ANALYSIS

Issue: *The district court erred in summarily denying Neal's motion to correct an illegal sentence.*

*Standard of Review*

The filing of a motion to correct an illegal sentence under K.S.A. 22-3504 does not automatically require the district court to conduct a full evidentiary hearing. See *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009). The district court first conducts a preliminary examination of the motion. Based upon that examination, the motion can be denied " 'without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief.' " *State v. Howard*, 287 Kan. 686, 690, 198 P.3d 146 (2008) (quoting *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 [2007]).

When, as here, the district court summarily denies a motion under K.S.A. 22-3504, our standard of review is de novo "because appellate courts have the same access to the motion, records, and files as the district court." *Howard*, 287 Kan. at 690-91. Like the district court, we must determine whether Neal's motion, records, and files conclusively show that he is entitled to no relief. See *Pennington*, 288 Kan. at 601.

*Discussion*

*Neal's motion is not procedurally barred*

As a threshold matter, both the district court and the Court of Appeals essentially concluded that Neal's motion was procedurally barred because he was improperly using the motion as a substitute for a second appeal and his argument regarding incorrect aggregation of crimes should have been raised in the initial, direct appeal. We agree with Neal that it is not barred.

We first acknowledge that our general rule requires a defendant to raise all available issues on direct appeal. See *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (1990). Pursuant to K.S.A. 22-3504(1), however, a court "may correct an illegal sentence at any time." See *State v. Flores*, 283 Kan. 380, 153 P.3d 506 (2007). Consequently, we must initially determine whether this statute actually supplies Neal with the exception to our general rule expressed in *Neer*. See *Pennington*, 288 Kan. at 601.

We have held that K.S.A. 22-3504 only pertains to illegal sentences. *Pennington*, 288 Kan. at 601. Determining whether a sentence is illegal is a question of law over which this court has unlimited review. We have defined an illegal sentence as one "imposed by a court without jurisdiction, a sentence *which does not conform to the statutory provision, either in character or the term of the punishment authorized,* or a sentence which is ambiguous with regard to the time and manner in which it is to be served." (Emphasis added.) *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010) (quoting *State v. Deal*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 [2008]). Consequently, to the extent Neal's challenge to his criminal history requires a determination of whether his sentence is illegal within the meaning of K.S.A. 22-3504, we exercise unlimited review. *Hoge*, 283 Kan. at 225.

Neal contends that the district court erred in calculating his criminal history score because it erred in aggregating his underlying misdemeanor convictions and the result of these errors was an illegal sentence. In our analysis, we observe that the sentencing guidelines for criminal defendants are generally based upon two factors: the crime severity ranking of the current crime of convic-

tion and the criminal history classification of the defendant. See K.S.A. 21-4703(l); K.S.A. 21-4704(c). Because of this statutory formula, the Court of Appeals has held that if either the crime severity level or the criminal history score is in error, a party can challenge a sentence as being illegal. See *State v. Russell,* 36 Kan. App. 2d 396, 399, 138 P.3d 1289 (2006); *State v. Donaldson,* 35 Kan. App. 2d 540, 541-542, 133 P.3d 154 (2006); *State v. Lakey,* 22 Kan. App. 2d 585, 586, 920 P.2d 470 (1996).

Here, Neal's challenge to his criminal history score is necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized (*State v. LaBelle,* 290 Kan. at 532), and, consequently, is an illegal sentence. Accordingly, K.S.A. 22-3504 is the proper vehicle for his claim. See, *e.g., Lakey,* 22 Kan. App. 2d at 586.

Because we have determined that Neal's argument fits within the parameters of an illegal sentence, we can also readily conclude that his motion to correct an illegal sentence was timely filed. See *State v. Flores,* 283 Kan. 380. In *Flores,* we concluded that under the plain language of K.S.A. 22-3504(1), a motion to correct an illegal sentence may be raised at any time. Consequently, it is not subject to the same time constraints as a K.S.A. 60-1507 motion. Neal did not raise the issue of improper aggregation in his direct appeal; but we also held in *Flores* that the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal.

As a result, Neal's argument is not procedurally barred. We have jurisdiction to consider it.

### Neal's motion raises substantial issues of fact and law

The State contends that Neal's motion does not present substantial issues of fact or law. Consistent with the Court of Appeals holding, it argues that Neal's 1987 and 1988 misdemeanor convictions did not result in "actual imprisonment," but rather probation, and therefore he was not entitled to counsel. See *State v. Delacruz,* 258 Kan. 129, 132, 899 P.2d 1042 (1995). Accordingly, it argues

that any uncounseled misdemeanor convictions are constitutionally valid and may be used in determining criminal history even for enhancement purposes. See 258 Kan. at 132.

Neal contends that the Court of Appeals erred in holding that actual imprisonment is the trigger to the right to counsel in misdemeanor charges. In support, he provided a Rule 6.09 letter before oral arguments were held in this court and cited our opinion issued approximately 1 week after the Court of Appeals decision: *State v. Youngblood*, 288 Kan. 659, 206 P.3d 518 (2009).

In the State's alternative to arguing Neal was not entitled to counsel because he had not been incarcerated, it contends that he actually received counsel in the 1987 case. It points out that the disposition sheet/journal entry provides Neal was represented by "P. Journey CPD." As for the 1988 case, the State remains consistent with the Court of Appeals holding and argues the 1988 record reflects Neal waived his right to counsel. As support, it observes that the disposition sheet/journal entry is stamped "Defendant has been advised of his constitutional rights and enhancements." The State further notes the stamp is followed by a handwritten notation that states "waiver 4-4-88 HEF." It concededly "presumes" that "the initials are those of the presiding judge, Harold E. Flaigle, as his signature appears at the bottom of the document."

Citing as evidence his "sworn to" motion to correct illegal sentence, Neal contends he was never advised of his right to counsel in either of the cases nor did he ever waive it. Consequently, he argues there are issues requiring review by the district court which demand reversal and remand.

We begin our analysis by acknowledging the Court of Appeals was correct in expressing one of the principal holdings of *State v. Delacruz*, 258 Kan. 129, regarding the use of uncounseled misdemeanors. More specifically, *Delacruz* held that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated; the conviction then may be included in a defendant's criminal history score, even though it has the effect of enhancing the sentence under the Kansas Sentencing Guidelines Act. 258 Kan. at 136, 139. As the panel pointed out, this is because a defendant's right to counsel for a misdemeanor charge did not

vest until actual imprisonment; accordingly, the right was not triggered if the defendant received a conditionally suspended sentence or probation.

We recently refined some aspects of *Delacruz*' holding in our decision cited in Neal's Rule 6.09 letter: *State v. Youngblood*, 288 Kan. 659. After a lengthy review of *Delacruz* and after consideration of the United States Supreme Court's later decision in *Alabama v. Shelton*, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002), we eliminated the *Delacruz* bright-line "actual imprisonment" rule. We pronounced the law as follows:

> "A person accused of a misdemeanor has a Sixth Amendment right to counsel if the sentence to be imposed upon conviction includes a term of imprisonment, *even if the jail time is suspended or conditioned upon a term of probation.* The right to counsel arises at the stage of the proceedings where guilt is adjudicated, eligibility for imprisonment is established, and the prison sentence determined." (Emphasis added.) 288 Kan. 659, Syl. ¶ 2.

Consequently, we must reject as a matter of law the State's purportedly dispositive argument, and the Court of Appeals holding, that simply because Neal's 1987 and 1988 misdemeanor convictions did not result in "actual imprisonment," he was not entitled to counsel.

Nevertheless, it must still be determined whether Neal was otherwise entitled to counsel under the loosened requirements of *Youngblood, i.e.,* whether his sentence includes jail time that is suspended or conditioned upon a term of probation. Because of some ambiguity in the Court of Appeals' approach, we must make clear that Neal bears the burden of proof on this issue and several others because he has filed a motion to correct an illegal sentence after his direct appeal ended, whereas the State had borne the burden through the direct appeal. See, *e.g.*, *State v. Jones*, 272 Kan. 674, 35 P.3d 887 (2001) (defendant who through motion to correct illegal sentence collaterally challenges the constitutional validity of prior convictions used to enhance his or her sentence, based on a claim of the absence of counsel, has the burden to show he or she did not have the benefit of counsel at the prior convictions); *State v. Patterson, 262 Kan. 481, 939 P.2d 909 (1997) (same). Compare, e.g., State v. Youngblood,* 288 Kan. 659 (on direct appeal of use of

prior convictions to increase defendant's crime severity level and enhance sentence, State retains burden of showing defendant was advised of right to counsel and that waiver was knowingly and intelligently waived).

Our review of this issue and others is complicated by the district court's failure to hold an evidentiary hearing on Neal's motion, effectively denying it as a matter of law. However, we do have both Neal's motion—which contents he swore were true and which he signed before a notary public—and its attachments to consider for determining whether these documents are sufficient to meet his burden or if remand is required. Compare *State v. Jones*, 272 Kan. 674 (defendant offered no evidence to support contention that he was not represented by counsel in previous convictions used to enhance sentence for present convictions; failed to meet burden of proof and denial of his motion to correct illegal sentence after hearing was affirmed); *State v. Patterson*, 262 Kan. 481 (motion to correct illegal sentence contained no evidentiary basis, only conclusory contentions; defendant failed to meet burden of proof and thus district court did not err in denying motion without hearing).

We conclude remand is not necessary on this particular issue because all the evidence in the record—to which the State chose not to add once Neal filed his motion—conclusively establishes Neal's entitlement to counsel. We observe that according to the State's disposition sheet/journal entry for the 1987 battery conviction that Neal attached to his motion, on March 31, 1987, he pled guilty and was sentenced to 3 months. Per that document, he was placed on written parole/probation and required to report monthly for 6 months (he was also sentenced to 3 months for petit larceny). According to the handwritten notes on that document, on March 31, among other things he also was ordered to pay a fine and restitution, to use no alcohol or drugs, and to violate no laws. Consistent with this document is Neal's motion to correct an illegal sentence in which he swears he was sentenced to jail time, fined $150, and ordered to report to a probation office.

We conclude that Neal was sentenced to jail and because the conditions of probation would be meaningless without consequence, we also conclude the jail sentence had been suspended

during his compliance with the conditions. Consistent with this suspension conclusion is Neal's motion in which he swears that if he did not pay the fine, he would have been placed in jail. Per Neal's burden of proof articulated in *Jones*, and his substantive requirement articulated in *Youngblood*, he has established through the State's document that he was entitled to legal counsel on the 1987 case. See 288 Kan. at 670 ("Youngblood was entitled to counsel when the municipal court found him guilty and sentenced him to a [jail] term, even though the jail time was conditioned upon probation.").

As for Neal's 1988 battery conviction, we similarly observe that according to the State's disposition sheet/journal entry Neal attached to his motion, on April 4, 1988, he pled guilty, was fined $300, and was sentenced to 6 months in jail. Per that document, he was placed on written parole/probation and required to report for 6 months. Handwritten notes on that document further disclose that, on April 4, among other things he was ordered to attend the domestic violence program and follow its recommendations. He was also ordered to violate no laws. Consistent with this document is Neal's motion in which he swears he was sentenced to 6 months' jail time, fined $300, and placed on probation.

We conclude that Neal was sentenced to jail and because the conditions of probation would be meaningless without consequence, we also conclude the jail sentence had been suspended during his compliance with the conditions. Per his burden of proof articulated in *Jones*, and his substantive requirement articulated in *Youngblood*, Neal has established through the State's document he was entitled to legal counsel on the 1988 case.

As a result of our concluding on this record that Neal was entitled to counsel in both cases, we now turn to the State's alternate argument for the 1987 battery conviction: that Neal did have counsel. While per *Jones* the burden is on Neal to prove that he did not have counsel, the State appears to contend its argument and factual support are dispositive of the counsel issue, thus eliminating any remand requirement.

The State points to "P. Journey CPD," as handwritten on the disposition sheet next to that form's printed statement: "Defense

Att'y." One substantial problem, however, is the lack of clarity on exactly when P. Journey allegedly represented Neal. We observe that immediately below Journey's identification the form states "Date Entered," and handwritten there is a date well after Neal's guilty plea and sentencing. Moreover, the sheet shows a number of the case's seemingly dispositional events in which counsel could be involved and their corresponding dates—most of which are after Neal's guilty plea and sentencing. Consistent with this form's uncertainty on the exact date(s) of counsel's representation is Neal's motion in which he swears that he entered uncounseled pleas of guilt in both cases.

As a result, from this record we must necessarily disagree with the State's dispositive conclusion that "defendant was represented by 'P. Journey CPD' *at the time his plea was entered.*" (Emphasis added.) Because of the uncertainty surrounding the timing of Journey's legal representation of Neal, if any, and because the district court's summary denial of Neal's motion cut off his ability to fully pursue the proof of no legal representation beyond what was contained in his motion, we must remand for an evidentiary hearing on this issue.

Similarly, we now turn to the State's alternate argument for the 1988 battery conviction: that the reason the disposition sheet/journal entry does not state that Neal did have counsel is because he waived that right. Again, while per *Jones* the burden is on Neal to prove that he did not waive his right—and not on the State to prove that he did—the State appears to contend its argument and factual support are dispositive of the waiver issue, thus eliminating any remand requirement.

In support, the State points to language stamped on the form: "Defendant has been advised of his constitutional rights and enhancements by ____." Handwritten in the blank is "4-4-88." Below the stamp is a handwritten notation stating "waiver 4-4-88 HEF," which the State presumes are the initials of the presiding judge. The Court of Appeals not only agreed with the State's waiver of counsel argument regarding the 1988 conviction but also, perhaps *sua sponte*, applied it to the 1987 conviction. After all, the 1987 disposition sheet/journal entry contains the same stamped lan-

guage, the same "HEF" initials, and a handwritten word that appears to state "waiver." The only difference between this 1987 form and the 1988 form regarding this issue is in the handwritten date: "2-24-87."

For guidance on the State's purportedly determinative argument we turn to *State v. Hughes*, 290 Kan. 159, 224 P.3d 1149 (2010). While not involving a motion to correct illegal sentence where defendant had the burden of proof, *Hughes* nevertheless contains some parallels. There, similar to the instant case, the defendant collaterally attacked two of his three prior uncounseled misdemeanor convictions that had been converted to one felony for criminal history purposes to enhance his sentence. In his direct appeal he specifically argued he did not knowingly and voluntarily waive his right to counsel for those convictions. We observed that under *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 708 P.2d 977 (1985), the evidence in the record must answer two critical questions to establish an effective knowing and voluntary waiver of counsel:

"[F]irst, whether the defendant has been *fully advised and properly informed* of his or her right to counsel and, second, whether, upon having been fully advised and properly informed, the defendant made a clear determination not to have counsel represent him or her before the court." (Emphasis added.) 290 Kan. at 169.

The *Hughes* court acknowledges that meeting these two requirements did not necessarily require the use of the form suggested in *Gilchrist* for municipal courts. We observed that the *Hughes* defendant signed a court form acknowledging that he was fully advised by the court of his right to counsel and that he knowingly and intelligently waived that right, and that the court also signed the form underneath language stating "Subscribed and sworn to before me this 25 day of July 1995." However, the form contained no verification or validation of what the defendant was actually told about his rights by the judge. We concluded: "It is not up to the defendant to know what 'fully advised' [under *Gilchrist*] means. It is the judge who is burdened with assuring that [defendant's] rights have been adequately protected." 290 Kan. at 171.

Accordingly, we held that in order for a defendant to be "fully advised and properly informed," a judge must certify that the defendant received the required information. 290 Kan. at 172 (expressing that "the importance of the judge's certification in the waiver cannot be understated"). We stated: "Without the certification language, all that can be readily determined is that a defendant acknowledges being informed of his or her rights, but we cannot ascertain whether the *proper or full panoply of rights* was ever communicated." (Emphasis added.) 290 Kan. at 172. Consistent with this principle we held:

"Not only must a defendant clearly acknowledge a *knowing* and voluntary waiver of right to counsel, *but the record must also establish that the judge has satisfied the obligation to insure that the proper information has been communicated so that the defendant may intelligently make that choice.*" (Emphasis added.) 290 Kan. at 172.

Because the *Hughes* record failed to establish the judge had satisfied this obligation, we held the State had failed to meet its burden of showing that the waiver in Hughes' two prior misdemeanor convictions was knowingly and intelligently made. Accordingly, they were constitutionally invalid. We reversed and remanded to the district court for resentencing based on a recalculated criminal history that did not include those convictions.

While admittedly the burden was on the State in the *Hughes* direct appeal, and the burden is instead on Neal through his motion to correct an illegal sentence, a similar problem exists in the instant case: correctly identifying all of Neal's "constitutional rights and enhancements" of which he allegedly has been advised by the person whose initials appear near the forms' stamp containing that language. We observe, for example, in Neal's motion he swears that he "was not ordered to sign any forms, or given any forms, which would have detailed the stamped language." He specifically swears he was never advised of his right to counsel.

We also observe that in the 1988 case Neal had no defense attorney because the State argues that after he was informed of his right to counsel, he waived it per the handwritten "waiver" annotation; yet in the 1987 case the State argues that Neal had "P. Journey" as counsel—even though *that* form also contains a written

notation that Neal "waived" his constitutional rights, which would include the right to counsel. In any event, we further observe that in Neal's motion he swears that he never waived his rights to counsel; he specifically never signed any waiver forms.

*Hughes* had cited a number of cases, including *State v. Allen*, 28 Kan. App. 2d 784, 20 P.3d 747 (2001), for the principle that a simple acknowledgement that the defendant waived his or her rights is not enough to clearly show what rights the defendant had indeed waived. 290 Kan. at 172. *Allen* is of special guidance on the issues of the sufficiency of the rights advisory and the waiver of those rights, particularly because it involved a disposition sheet/ journal entry containing the identical stamped language as the ones in the instant case.

Similar to the instant case, Allen had three municipal misdemeanor battery convictions that were aggregated into one person felony, worsening his criminal history score and enhancing his sentence. After examining the cases' journal entries, the trial court concluded the State's " 'exhibits show the defendant was advised of his rights in municipal court [in two cases] . . . and that he waived his rights in the latter case.' " 28 Kan. App. 2d at 788. The trial court relied upon language stamped on two of the journal entries: " 'DEFENDANT HAS BEEN ADVISED OF HIS CONSTITU-TIONAL RIGHTS AND ENHANCEMENTS.' " 28 Kan. App. 2d at 788. Perhaps similar to the Court of Appeals apparent rationale in the instant case, the "trial court accepted the prosecutor's explanation that a word written on [one] entry read 'waiver' and indicated a waiver of rights." 28 Kan. App. 2d at 788.

The *Allen* court observed that although the trial court determined Allen "was advised of his rights and waived them, it did not specify which rights he waived." 28 Kan. App. 2d at 790. It also observed Allen argued that the stamped language and the word the prosecutor interpreted as reading "waiver" were insufficient to establish he was advised of, or waived his right to, counsel. 28 Kan. App. 2d at 790.

The *Allen* court held that the handwritten word "waiver" did not specifically explain what was being waived and, "[a]s a result, we determine that although the stamped language *may* show that Al-

len was told of his right to counsel, the word . . . 'waiver', when strictly construed, does not affirmatively show that Allen knowingly and intelligently waived his right to counsel." (Emphasis added.) 28 Kan. App. 2d at 791.

The *Hughes* court also cited another decision where, like the instant case, three of the defendant's person municipal misdemeanors were converted to a person felony. *State v. Reed*, No. 90,170, 2004 WL 556754 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 851 (2004). Also like the instant case, the defendant argued those convictions were not constitutionally valid because he was not represented by counsel and had not waived his right to counsel in those cases. Further like the instant case, for one of the convictions the defendant never signed a waiver of rights form. Instead, the State presented a journal entry containing the following handwriting: "6/16/00 factual basis—fully advised of rights, waives them." *Reed*, slip op. at 5. The Court of Appeals panel observed the document failed to specify what rights defendant waived. Accordingly, it held that standing alone the document failed to establish that he knowingly and intelligently waived his right to counsel—the State's burden to show on direct appeal.

Based upon the above case law and this record, we simply cannot agree with the State that it has absolutely established its dispositive position for Neal's 1988 conviction: that he was advised of his right to counsel and knowingly and intelligently waived that right. Nor can we agree with the Court of Appeals that under these facts its application of the identical "rights advisory and waiver" rationale to the 1987 and 1988 convictions dispositively validates those convictions as constitutional.

Finally, while it is Neal's obligation to prove he had not been advised of his right to counsel or, if so, that he did not knowingly and intelligently waive his right, we cannot conclude he has met this burden. Simply put, the district court's summary dismissal of his motion to correct an illegal sentence significantly reduced his ability to do so. Accordingly, the case is reversed and remanded for an evidentiary hearing on all these issues.

The Court of Appeals decision affirming the district court's ruling is reversed. This matter is remanded to the district court for evidentiary hearing.

MORITZ, J., not participating.
KIM W. CUDNEY, District Judge, assigned.