NOT DESIGNATED FOR PUBLICATION

Nos. 111,323
111,395

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY J. ORNELAS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 11, 2015. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam:* Billy Ornelas argues that because his mitigating circumstances outweighed the minor nature of his probation violations, the district court abused its discretion when it revoked his probation. He also contends he is serving an illegal sentence. We disagree and affirm.

1

*Ornelas was convicted in separate cases.*

Ornelas was convicted in 11CR2911 of possession of methamphetamine with intent to distribute, in violation of K.S.A. 2011 Supp. 21-5705(a)(1) and (c)(1), and failure to affix a tax stamp, in violation of K.S.A. 79-5208, in December 2012. Based on Ornelas' criminal history score of A, the district court sentenced him to a prison sentence of 49 months with 24 months' postrelease supervision but granted a downward dispositional departure suspending his sentence and placing him on 18 months' probation.

Then, in February 2013, Ornelas was convicted in 11CR3535 of an aggravated weapons violation contrary to K.S.A. 2011 Supp. 21-6305(a)(1) and (b)(1). The district court suspended a 16-month prison sentence in favor of a downward dispositional departure to 12 months' probation.

Later, the district court revoked Ornelas' probation in both cases for threatening an intake officer and failing to refrain from drug use as directed but the district court reinstated probation for 18 months.

Then, at an August 2013 hearing, Ornelas stipulated once again to violating his probation by testing positive for methamphetamine, riding in a vehicle in which drug paraphernalia and a weapon were found, failing to report that he had contact with law enforcement, failing to refrain from associating with persons engaging in illegal activity, and failing to report. But these probation violations occurred in June 2011, prior to the July 1, 2013, effective date of K.S.A. 2013 Supp. 22-3716(c) that requires imposition of intermediate sanctions. Therefore those statutory requirements were not applicable to Ornelas' probation revocation. Nevertheless, the district court again imposed an extended probation and ordered an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c) of residential community corrections and completion of inpatient treatment instead of sending him to prison.

2

Then, at a September 2013 review hearing, after the district court determined that the residential treatment program had refused Ornelas' placement, the court revoked Ornelas' probation under K.S.A. 22-3716(c)(8) and (c)(9) and imposed a reduced sentence of 36 months in prison. Ornelas appeals from this decision.

*We find no abuse of discretion.*

Ornelas first argues the district court should have exercised its discretion under K.S.A. 2013 Supp. 22-3716(c) to reinstate his probation because his violations "were relatively minor and appeared to be directly related to his need for drug treatment, which was more likely to be provided to him on probation than in prison." We do not think so.

The law of probation revocations is well settled. Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Ornelas bears the burden of showing such abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Nothing in the record persuades us that Ornelas will be successful if he receives another try at probation. Other than asking us to reweigh the evidence presented at the disposition hearing, Ornelas does not direct us to any errors of fact or law underlying the district court's decision not to reinstate his probation. In light of Ornelas' stipulations to violating the conditions of his probation and the absence of any good reason in the record for concluding the district court's decision was arbitrary, fanciful, or unreasonable, we conclude the district court was well within its discretion to revoke Ornelas' probation in both cases and order him to serve his underlying sentences.

*We reject Ornelas' sentencing challenge.*

For his second issue, Ornelas contends that the district court's improper use of two pre-1993 convictions in his criminal history score when ordering him to serve his underlying sentences resulted in an illegal sentence.

Even though Ornelas did not challenge his sentence at the district court, an illegal sentence may be corrected at any time. See K.S.A. 22-3504(1). A defendant may challenge his or her sentence even after failing to challenge the sentence on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Swazey*, 51 Kan. App. 2d ___, Syl. ¶ 2, 357 P.3d 893 (2015). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 Kan. 1039 (2013).

Relying on the modified holding in *State v. Murdock*, 299 Kan. 312, Syl. ¶ 5, 323 P.3d 846 (2014), modified by Supreme Court order September 19, 2014, that for criminal history purposes all out-of-state crimes committed before the enactment of the Kansas Sentencing Guidelines Act in 1993 must be classified as nonperson felonies, Ornelas argues that the same reasoning should apply to his in-state pre-Guidelines person felony convictions.

However, Ornelas is not entitled to any relief under *Murdock*. Since Ornelas submitted his brief on September 19, 2014, our Supreme Court has overruled *Murdock* in

*State v. Keel*, 302 Kan. ___, Syl. ¶ 9, 357 P.3d 251 (2015), holding that a comparison must be made:

> "[T]he classification of [an out-of-state] prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the [Kansas Sentencing Guidelines Act] is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. [Citation omitted.]"

In rejecting *Murdock*, *Keel* also clarified that the classifications of all in-state pre-Guidelines convictions are to be determined by looking to the statutes criminalizing the prior offenses and comparing them to the post-Guidelines Kansas criminal statutes in effect at the time the current crimes of conviction were committed. See 302 Kan. ___, Syl. ¶ 8.

Ornelas challenges the classification of both his 1989 Kansas conviction for aggravated battery and 1990 Kansas conviction for robbery. In accordance with the rule in *Keel*, we compare those offenses to the aggravated battery and robbery statutes in effect on the date Ornelas committed his current underlying crimes of conviction in 11CR2911—August 9, 2011. On that date, aggravated battery and robbery were both classified as person felonies. See K.S.A. 2011 Supp. 21-5413(b); K.S.A. 2011 Supp. 21-5420(a). Therefore, the district court properly classified his pre-Guidelines in-state Kansas convictions for aggravated battery and robbery as person felonies.

Affirmed.