NOT DESIGNATED FOR PUBLICATION

No. 115,979

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IBRAHEEM R. ALI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed June 9, 2017. Affirmed.

*Adam M. Hall*, of Collister & Kampschroeder, of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  In 1993, Ibraheem R. Ali received consecutive prison sentences in Case No. 92CR2631 and Case No. 92CR2870 for a series of burglaries. Later that year, the district court reduced the prison term in Case No. 92CR2631 from 2 to 10 years to 1 to 5 years but denied Ali's request that his sentences be served concurrently. Ali's prison term of 1 to 5 years in Case No. 92CR2631 was to run consecutively to his sentence of 5 to 20 years in Case No. 92CR2870 as originally ordered.

Ali was released on parole in December 1997. In March 1998, the State charged Ali in Case No. 98CR332 with kidnapping and two counts of aggravated robbery. The

1

presence investigation report indicated that Ali's criminal history score was A and that a special sentencing rule applied because Ali committed his crimes while on parole from a felony conviction.

Ali did not object to his criminal history at sentencing. The district court sentenced him to a controlling prison term of 194 months, noting in the journal entry the special sentencing rule for crimes committed while on parole. The district court stated that Ali's "[s]entence [was] to be served [c]onsecutively with Shawnee County Case Number 92CR2870." The sentence in Case No. 92CR2870 had been ordered to be served consecutively to Ali's sentence in his first case, Case No. 92CR2631.

Ali filed a series of motions to correct his sentence in Case No. 98CR332. The district court denied Ali's first motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 318, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Ali appealed. In the meantime, Ali filed a second motion to correct an illegal sentence, contending that his sentence was ambiguous. Before resolution of his appeal, the district court denied Ali's second motion to correct an illegal sentence, rejecting his argument that his sentence was ambiguous. Ali initially filed but then withdrew an appeal from the district court's ruling on his second motion to correct an illegal sentence. Then, by order under Supreme Court Rule 7.041 (2017 S. Kan. Ct. R. 48), we summarily affirmed the district court's denial of Ali's first motion to correct an illegal sentence.

Soon afterward, Ali filed the present motion to correct an illegal sentence. In the motion, Ali contended that his sentence was ambiguous with regard to the time and manner in which it is to be served because the journal entry in Case No. 98CR332 failed to adequately record whether all of his prison terms ran consecutively to each other.

At the April 2016 hearing on Ali's motion, the district court denied relief, and Ali's appeal brings the matter to us.

Ali does not argue that the sentences individually imposed in any of these three cases are ambiguous. Rather, he claims that his "composite" sentence is illegal because it is ambiguous as to whether his 194-month prison sentence in Case No. 98CR332 begins to run immediately after he completes serving his sentence in Case No. 92CR2870. He points out that the district court's journal entry does not state whether his sentence in Case No. 98CR332 runs consecutively or concurrently to his sentence in Case No. 92CR2631. He argues that "as a matter of law, in the absence of a statement regarding the relation of [Case No. 98CR332] to all other [then existing] sentences, the resulting composite sentence is ambiguous, and therefore illegal."

K.S.A. 22-3504(1) provides that a "court may correct an illegal sentence at any time." A sentence is illegal if it is ambiguous with regard to the time and manner in which it is to be served. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

The State responds that no reasonable interpretation of the journal entry allows for any of Ali's sentences to run concurrently. The State contends that the order of Ali's sentences is clear:  Ali first serves his sentence in Case No. 92CR2631, because that case was first in time, then his sentence in Case No. 92CR2870, and then his sentence in Case No. 98CR332.

It is clear to us that Ali's sentences, viewed as a whole, are unambiguous with regard to the time and manner in which they are to be served. Ali received consecutive prison sentences in Case No. 92CR2631 and Case No. 92CR2870. He was later placed on parole. While on parole, he committed the new crimes for which he was sentenced in Case No. 98CR332.

K.S.A. 21-4608(c) (now K.S.A. 2016 Supp. 21-6606[c]) states: "Any person who is convicted and sentenced for a crime committed while . . . on parole . . . for a felony shall serve the sentence consecutively to the term or terms under which the person was . . . on parole." Here, the district court marked in the journal entry that Ali was subject to the special rule stated in K.S.A. 21-4608(c). Thus, because Ali was on parole when he committed his crimes of conviction in Case No. 98CR332, the court was statutorily required to impose the sentence in Case No. 98CR332 consecutively to Ali's sentences in Case Nos. 92CR2870 and 92CR2631. The court so indicated by noting that this special sentencing rule found in K.S.A. 21-4608(c) applied.

Thus, there is no ambiguity in Ali's sentences with regard to the time and manner in which they are to be served. The district court correctly denied Ali's motion to correct an illegal sentence.

Affirmed.