NOT DESIGNATED FOR PUBLICATION

No. 115,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES DOUGLAS MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 14, 2017. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  The Kansas rules of appellate practice could not be clearer. If an issue is not raised in a lower court, an appellant's brief must offer an explanation why the issue is properly before the appellate court. Charles Douglas Miller fails to explain in his brief why we should consider his claim that there is no proof of his voluntarily waiving counsel in two California cases, when he argued to the district court that the two convictions were simply uncounseled. Obedient to the stern warning of our Supreme Court to enforce our rules, we decline to consider his issue. Consequently, we must dismiss his appeal.

*While serving his sentence after revocation of probation, Miller contends his sentence was illegal.*

In this case, where Miller pled guilty to an offender registration violation, he filed a pro se motion to correct an illegal sentence, where he argued that our Supreme Court's holding in *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), made his sentence illegal. Miller alleged that two convictions from Santa Clara County, California, were uncounseled misdemeanors and could not be used in the computation of his criminal history score. The district court appointed counsel for Miller and his counsel filed additional authority to support Miller's position. Miller requested an order for the State to satisfy the burden of showing the disputed prior convictions could be used in the calculation of his criminal history.

When the district court held a hearing on Miller's motion, his counsel asserted the California misdemeanors were uncounseled and should not be counted in Miller's criminal history. His counsel did not submit any evidence to support Miller's claims. We note that when Miller was sentenced, he did not object to his criminal history. Miller admitted that the 11 convictions listed on his criminal history were his convictions. So, the question of the existence of the two convictions was not before the district court, nor is it before us.

The State presented a journal entry from the California cases. The journal entry is marked indicating that Miller was advised of various rights. The journal entry also indicates Miller waived the rights to counsel, "Court/Jury Trial, Subpoena/Confront/Examine Witnesses," and self-incrimination. Additionally, the State argued that Miller's plea to an offender registration violation showed the validity of the California convictions. Miller entered his plea shortly after the motion to correct an illegal sentence was filed, and the offense he pled to was predicated on the validity of the California convictions.

The district court decided that Miller had waived his right to counsel in the California cases and, thus, ruled the misdemeanors were not uncounseled and denied Miller's motion to correct an illegal sentence.

*Miller now raises a new issue in this appeal.*

Miller raises a new claim of error that was not raised before the district court—that the State never proved that Miller knowingly and voluntarily waived the right to counsel in his California cases. Additionally, Miller has not argued any exception that would overcome the general rule that issues raised for the first time on appeal are deemed waived or abandoned.

Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35) is clear and concise: "If the issue was not raised below, there must be an explanation why the issue is properly before the court." Miller makes no such explanation.

Our Supreme Court takes this issue seriously and after a warning to all in *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the court in *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015), declined to reach the merits of an issue because the brief failed to explain why a new issue should be considered for the first time on appeal. The court held: "We are now sufficiently post-*Williams* that litigants have no excuse for noncompliance with Rule 6.02(a)(5)." *Godfrey*, 301 Kan. at 1044. We are duty bound to follow the Supreme Court.

We realize that there are several recognized exceptions to this general rule. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). In order for an exception to apply, however, the party raising the issue for the first time on appeal must explain to the court why the issue is properly before the court. *Godfrey*, 301 Kan. at 1043-44. Miller has not argued any exception that would overcome the general rule.

3

We offer one further point on this—after the State raised this issue in its brief, Miller did not file a reply brief addressing the State's argument. Our Supreme Court was puzzled in both *Godfrey* and *Williams* concerning why the respective litigants did not address the State's arguments in a reply brief. See *Godfrey*, 301 Kan. at 1044; *Williams*, 298 Kan. at 1085. We are likewise puzzled. Had Miller argued an exception to the rule in a reply brief, we could then have at least considered it. As it is now, we must consider the issue waived.

Appeal dismissed.