NOT DESIGNATED FOR PUBLICATION

No. 120,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD MARTIN MOULIN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 25, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM:  Todd Martin Moulin Jr. appeals from his sentence after pleading guilty to charges of aggravated assault on a law enforcement officer and eluding a police officer. At his sentencing in September 2018, the district court classified a 2015 Texas juvenile adjudication for robbery as a person felony, leading to a criminal history score of A. Moulin argues that the district court erred in this classification because the Texas crime of robbery is broader than the Kansas robbery statute so they cannot be comparable. Because we find that that the Texas crime of robbery is comparable to the

Kansas crime of robbery, the district court was correct to classify Moulin's 2015 Texas juvenile adjudication for robbery as a person felony. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In December 2017, officers responded to a call reporting shots fired in Kansas City, Kansas. Upon arrival, the officers heard gun shots being fired from the top of a steep hill near a billboard sign, so they proceeded up the hill. A Ford F-150 pickup truck—driven by a man later identified as Moulin—began driving towards the officers, causing one to jump out of the way to avoid being struck. Moulin fled the scene in the truck and led the police on a long car chase, striking another vehicle in the process. Once the truck crashed into a concrete wall, the pursuit ended and the officers took Moulin into custody.

The State later charged Moulin with a litany of crimes but he ultimately pled guilty to two charges: aggravated assault on a law enforcement officer, a severity level 6 person felony; and eluding a police officer, a severity level 9 person felony. Moulin also agreed to stipulate to a probation violation in Wyandotte County case No. 17CR718, a prior conviction for eluding a police officer, and serve that sentence of 13 months consecutive to his sentence in this case.

Before sentencing, Moulin filed a motion objecting to the use of one of the three prior person felony convictions included on the presentence investigation report: a 2015 juvenile adjudication for aggravated robbery in Texas. Three person felonies, either as an adult conviction or a juvenile adjudication, results in a criminal history classification of A. K.S.A. 2018 Supp. 21-6809. If Moulin was correct, his criminal history would drop to B. See K.S.A. 2018 Supp. 21-6809 (B criminal history requires two prior person felonies convictions as an adult or juvenile).

2

At the sentencing hearing in September 2018, Moulin's counsel expressed her concerns as follows: "I guess I just have concerns on what—what the equivalent, what this actually was in Travis County, Texas, whether this actually is a felony or misdemeanor, person felony or not, what the underlying theft was, whether it would actually meet the requirements of a person felony here, Judge."

In response, the State presented the original judgment of adjudication as evidence, noting that the document showed the crime of conviction as a robbery. The journal entry presented as State's Exhibit 1 provides that Moulin was convicted for violating "[Tex. Penal Code Ann. § 29.02], in that he did then and there, while in the course of committing theft of property and with the intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to [the victim], by spraying him with pepper spray." The State argued that this language was comparable to a Kansas robbery conviction—a person felony. K.S.A. 2017 Supp. 21-5420(c)(1).

The district court overruled Moulin's objection, found his criminal history score to be A, and sentenced him accordingly. Moulin timely appealed.

ANALYSIS

Moulin claims the district court erred in calculating his criminal history score by classifying his 2015 Texas juvenile adjudication for robbery as a person felony instead of a nonperson felony, making his sentence illegal under K.S.A. 2018 Supp. 22-3504(3) (defining illegal sentence as a sentence "that does not conform to the applicable statutory provision"). Whether a sentence is illegal is a question of law over which an appellate court exercises unlimited review. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Likewise, interpretation of a statute is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The legality of a sentence is controlled by the law in effect when the sentence was pronounced. *State v. Newton*, 309 Kan. 1070, 1073, 442 P.3d 489 (2019). Moulin and the State agree on the appropriate framework to analyze Moulin's claims, which involves the person or nonperson classification of a prior out-of-state conviction.

At the time of Moulin's sentencing in September 2018, the law in effect provided:

"The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime." K.S.A. 2018 Supp. 21-6811(e)(3).

In interpreting this provision, our Supreme Court explained:

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

The parties agree that the appropriate inquiry for this court would be to compare the elements of Moulin's prior adjudication to the comparable offenses under Kansas law as defined on the date of his current crime was committed—December 2017—while applying the identical or narrower elements test set out in *Wetrich*. See K.S.A. 2018 Supp. 21-6811(e)(3) (sentencing court must compare the out-of-state prior crime to the comparable Kansas offense in effect on the date the current crime of conviction was committed).

For the following reasons, we conclude that the applicable Kansas and Texas robbery statutes are comparable.

The Texas Penal Code states these elements of robbery:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
(1) intentionally, knowingly, or recklessly causes bodily injury to another; or
(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02 (2017).

The comparable Kansas offenses are codified at K.S.A. 2017 Supp. 21-5420 as robbery and aggravated robbery, which are both person felonies, with these elements:

"(a) Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person.
"(b) Aggravated robbery is robbery, as defined in subsection (a), when committed by a person who:
(1) Is armed with a dangerous weapon; or
(2) inflicts bodily harm upon any person in the course of such robbery."

Moulin argues that the Texas robbery statute is broader than the Kansas robbery statute because the mental state elements are different. He contends that the Texas crime prohibits "recklessly caus[ing] bodily injury to another" in the course of committing a theft, while the Kansas crime only includes a "knowing" mental state element. Moulin's argument fails.

First, because the State proved the prior adjudication at issue by submitting the original copy of the judgment, the court could compare the exact provision of the statute under which Moulin was convicted to the comparable Kansas offense. That order provides that Moulin "intentionally and knowingly cause[d] bodily injury to [the victim],

5

by spraying him with pepper spray" in violation of "[s]ection 29.02 of the Texas Penal Code (Robbery)." This aligns with subsection 29.02(a)(1) of the Texas Penal Code ("intentionally, knowingly, or recklessly causes bodily injury to another").

As noted by the State, the "reckless" mental state element only applies to the bodily harm element of the Texas statute. A Texas robbery requires a person to act intentionally to take property. See Tex. Penal Code Ann. § 6.03(a) (2017); Tex. Penal Code Ann. § 29.02(a) (2017). In contrast, a Kansas robbery only requires a person to act knowingly when taking property. See K.S.A. 2017 Supp. 21-5202(i); K.S.A. 2017 Supp. 21-5420(a). In that regard, the Texas robbery offense is narrower than the Kansas robbery offense because knowing conduct can be proven by intentional conduct in both states. See K.S.A. 2017 Supp. 21-5202(c); Tex. Penal Code Ann. § 6.02(e) (2017). As a result, the Texas robbery statute is narrower than the Kansas robbery statute on the taking element. In other words, based solely on the taking element, every robbery conviction under the Texas statute would qualify as a robbery if committed in Kansas, but not every Kansas robbery would qualify as a robbery if committed in Texas. The statutes are comparable.

The Texas robbery statute is also narrower on the bodily harm element. A robbery in Kansas can be committed by taking another's property "by force," but there is no mental state element attached to that act. K.S.A. 2017 Supp. 21-5420(a). By including a "knowing" requirement to the taking element only, the force element does not require a culpable mental state. K.S.A. 2017 Supp. 21-5202(g). In order to commit a robbery in Texas, the defendant must intentionally, knowingly, or recklessly cause bodily injury to another, a much narrower requirement than simply the application of force. By requiring a mental state for an element when Kansas does not, Texas has narrowed, not broadened, this element. Again, every robbery conviction under the subsection of the Texas statute at issue here would qualify as a robbery if committed in Kansas, but not every Kansas robbery would qualify as a robbery if committed in Texas. The statutes are comparable.

6

For these reasons, Moulin's prior out-of-state juvenile adjudication for robbery in Texas is comparable to the Kansas robbery statute that existed at the time of the current offense. Because robbery is classified as a person felony in Kansas, the district court did not err in classifying Moulin's prior juvenile adjudication for robbery in Texas as such. See K.S.A. 2018 Supp. 21-6811(e)(3); K.S.A. 2017 Supp. 21-5420(c).

Affirmed.`