NOT DESIGNATED FOR PUBLICATION

No. 121,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYJUANA L. JACKSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion on remand filed August 19, 2022. Sentence vacated and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., WARNER and HURST, JJ.


PER CURIAM:  A jury convicted Tyjuana L. Jackson of one count of voluntary manslaughter after she shot and killed an innocent bystander at a nightclub during an altercation between herself and her paramour's wife on March 17, 2018. On appeal, Jackson argued that (1) jury instruction errors entitle her to a new trial and (2) her sentence is illegal. A prior panel of this court found that the district court's failure to give a reckless involuntary manslaughter instruction to be harmless error but otherwise affirmed the jury instructions given. As to Jackson's sentence, it found no error in the district court's calculation of her criminal history score or restitution order. The Kansas

1

Supreme Court granted Jackson's petition for review and on July 6, 2022, summarily vacated the portion of the Court of Appeals' opinion finding the district court properly scored Jackson's prior conviction for identity theft as a person crime. The Supreme Court directed us to reconsider our opinion affirming her sentence under the rule adopted in *State v. Terrell*, 315 Kan. 68, 504 P.3d 405 (2022), issued four months after our decision here. Having done so, we hold that Jackson's sentence must be vacated and her case remanded to the district court for resentencing.

ANALYSIS

The district judge sentenced Jackson to a severity level 3 crime, with a criminal history of C based on a prior person felony conviction for identity theft. She received the mid-range sentence of 102 months in prison. Jackson argues her sentence is illegal because the district court erroneously classified her prior identity theft conviction as a person offense. She argues that although Kansas statutes classified identify theft as a person offense when she committed that crime, when she committed her current crime its classification had changed to a nonperson offense. She asserts the district court should have counted it as a nonperson offense for arriving at her criminal history score. Jackson preserved this issue by objecting to the classification of her identity theft conviction at sentencing.

"The proper classification of a prior conviction is a question of law over which we exercise unlimited review." *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). Similarly, our review to determine whether a sentence is illegal is unlimited. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

In 2005, Jackson was convicted of identity theft under K.S.A. 2004 Supp. 21-4018. Under the statute applicable at the time, the Legislature classified identity theft as a person offense. K.S.A. 2004 Supp. 21-4018(c). Yet, just months after her conviction, the

Legislature repealed parts of K.S.A. 21-4018 and replaced it with a new version. See L. 2005, ch. 131, § 2. The amendments reclassified identity theft as a nonperson offense—which remains its classification today. K.S.A. 2021 Supp. 21-6107(c).

In *Terrell*, our Supreme Court held that "[u]nder the Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., all prior convictions, whether out-of-state, pre-guidelines, or amended post-guidelines, are to be classified as person or nonperson as of the time the new crime is committed." 315 Kan. 68, Syl. ¶ 2. Because Jackson committed this crime on March 17, 2018, the district court was required to treat her identity theft conviction as a nonperson offense. Instead of a criminal history C, the district court should have sentenced her as a criminal history E (counting identity theft as a nonperson felony, Jackson had no person felonies and 3+ nonperson felonies and her crime of conviction was a severity level 3 felony). K.S.A. 2021 Supp. 21-6804. Accordingly, we must vacate Jackson's sentence and remand this case for resentencing.

Sentence vacated and case remanded for resentencing.