NOT DESIGNATED FOR PUBLICATION

No. 113,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES M. HADLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed April 15, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*:  James M. Hadley appeals the district court's denial of his motion to correct illegal sentence. He claims that (1) his 1983 Kansas burglary conviction should have been scored as a nonperson felony for criminal history purposes; (2) the district court erred when it found that the holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), only applied to out-of-state convictions; (3) the unequal treatment of defendants with in-state criminal histories and defendants with out-of-state criminal histories for sentencing purposes violates the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution; and (4) the retroactive application of House Bill 2053, which amended K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811 and became effective April 2, 2015, violates the Ex Post Facto Clause of Article I of the United States Constitution. Because we find that Hadley's sentence was not illegal, we affirm the district court's judgment.

On May 8, 2002, Hadley pled guilty to one count of voluntary manslaughter. The presentence investigation (PSI) report showed 13 prior convictions, all in Kansas, including four prior person felonies: a 2002 fleeing or attempting to elude a police officer, a 2002 attempted aggravated battery, a 1988 aggravated assault, and a 1983 burglary. In addition, the PSI report showed three person misdemeanor convictions, which were converted and scored as a person felony. The PSI report calculated Hadley's criminal history score as A. On May 23, 2002, the district court sentenced Hadley to the aggravated number in the presumptive sentencing range, 247 months' imprisonment.

On May 20, 2014, Hadley filed a motion to correct illegal sentence under K.S.A. 22-3504 based on our Supreme Court's holding in *Murdock*. Hadley argued that under *Murdock*, the district court should resentence him after classifying his 1988 aggravated assault conviction and his 1983 burglary conviction as nonperson felonies for criminal history purposes. The district court summarily denied Hadley's motion, finding that *Murdock* applied only to pre-1993 out-of-state convictions. Hadley timely appealed.

On appeal, Hadley first argues that his 1983 Kansas burglary conviction should have been scored as a nonperson felony for criminal history purposes based on our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Hadley did not make this claim in district court for the obvious reason that our Supreme Court's decision in *Dickey* was not filed until after Hadley's notice of appeal. In any event, our Supreme Court specifically ruled in *Dicky* that because K.S.A. 22-3504(1) authorizes a court to correct an illegal sentence at any time, the statute generally has been

2

interpreted to mean that an illegal sentence issue may be considered for the first time on appeal. 301 Kan. at 1034. "Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. [Citations omitted.]" 301 Kan. at 1034.

Hadley contends that *Dickey* is dispositive with regard to his 1983 Kansas burglary conviction, so we will briefly review our Supreme Court's decision in that case. In *Dickey*, the defendant pled guilty to felony theft and his PSI report listed a 1992 Kansas juvenile adjudication for burglary, scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. The district court sentenced the defendant to a prison term, and he appealed.

On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony for criminal history purposes, arguing that it violated his Sixth Amendment rights as enunciated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* is implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Our Supreme Court in *Dickey* determined that the defendant in that case was not barred from challenging the classification of his burglary adjudication as a person felony merely because he had stipulated to his criminal history score at sentencing. 301 Kan. at 1032. Applying *Apprendi* and *Descamps*, the *Dickey* court determined that the Kansas burglary statute in effect when the defendant committed his prior burglary did not require

3

evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. The court explained that because the burglary statute did not contain a dwelling element, determination of whether the defendant's burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. As a result, the *Dickey* court concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Similar to the situation in *Dickey*, the statute under which Hadley was convicted of burglary in 1983 did not include a dwelling element. At that time, burglary was defined in Kansas as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Ensley 1981). Because the statute in effect at the time Hadley committed the burglary for which he was convicted did not contain a dwelling element, the district court's person classification necessarily required judicial factfinding. As a result, the classification of Hadley's 1983 burglary conviction as a person felony for criminal history purposes violated his constitutional rights as described in *Apprendi* and *Descamps* and as applied by the Kansas Supreme Court in *Dickey*.

The State does not dispute the contention that if Hadley was being sentenced today, his 1983 burglary conviction would be scored as a nonperson offense under the holding in *Dickey*. Instead, the State argues in its brief that Hadley is procedurally barred from bringing his claim because "Hadley's case was final when *Dickey* was decided in [2015]. Therefore, *Dickey*'s holding should not apply retroactively to Hadley's criminal history." Hadley did not file a reply brief to respond to the State's retroactivity argument. Nevertheless, when closely examined, the State's argument is not persuasive.

4

"Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). The general rule prohibiting retroactive application of an appellate court decision stems from our Supreme Court's adoption of the United States Supreme Court's rules that in only two instances should new constitutional rules be applied retroactively to cases on collateral review. As explained by our Supreme Court in *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007):

> "'Under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), a new rule of constitutional criminal procedure is not applied retroactively on collateral review unless (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) it is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty.' [Citation omitted.]"

Despite the general rule prohibiting retroactive application of an appellate court decision, we are not convinced that Hadley is procedurally barred from bringing his claim under *Dickey* even after his sentence has become final. In *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), the defendant filed a motion to correct illegal sentence under K.S.A. 22-3504(1) and raised a constitutional challenge to his sentence, arguing that prior uncounseled misdemeanor convictions could not be aggregated and included in calculating his criminal history score. The defendant had completed his direct appeal, and his sentence was final. The Supreme Court led off the opinion by discussing whether the defendant's motion was procedurally barred, *i.e.*, whether K.S.A. 22-3504(1) was a proper vehicle for his claim. The court noted that it has defined an illegal sentence as one imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or in the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be

5

served. 292 Kan. at 630. The court determined that if either the crime severity level or the criminal history score is in error, a party can challenge a sentence as being illegal. 292 Kan. at 631. The court went on to conclude:

> "Here, Neal's challenge to his criminal history score is necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized [citation omitted], and, consequently, is an illegal sentence. Accordingly, K.S.A. 22-3504 is the proper vehicle for his claim. [Citation omitted.]" 292 Kan. at 631.

Generally, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. See *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015). But when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence. *Neal*, 292 Kan. at 631; see also *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (stating the claim of misclassification of prior convictions as person offenses "necessarily raise[s] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized"). Under K.S.A. 22-3504(1), Kansas courts have jurisdiction to correct an illegal sentence at any time. See *State v. Kelly*, 298 Kan. 965, Syl. ¶ 5, 318 P.3d 987 (2014).

Based on *Neal*, retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence. We conclude that a claim under *Dickey* may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. See *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶ 8, ___ P.3d ___ (No. 113,189, filed March 4, 2016).

Although we could end our analysis here, we also point out that the United States Supreme Court's decision in *Apprendi* was in place before Hadley's sentencing in 2002. As a result, the rationale in *Apprendi* should apply to the calculation of Hadley's criminal history score. In *Dickey*, our Supreme Court explicitly held: "[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." 301 Kan. at 1021. In its analysis of those constitutional rights, the court began by examining *Apprendi*, indicating that *Apprendi* was the basis for the holding in *Dickey*. 301 Kan. at 1036-37. *Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* applied that framework to Kansas criminal history determinations. 301 Kan. at 1036-40.

Because both *Descamps* and *Dickey* are applications of *Apprendi* and Hadley's current Kansas case arose after *Apprendi* was decided, applying *Dickey* would not require retroactive application of the caselaw identifying the constitutional rights at stake. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ("[T]he new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000."). Therefore, even if this court were to consider Hadley's challenge under the general principle that new constitutional rules cannot be retroactively applied to cases on collateral review, that principle would not bar Hadley's claim.

For the reasons we have just discussed, we conclude that Hadley is not procedurally barred from challenging the legality of his sentence under *Dickey*. But as the State points out in its brief, "whether or not the 1983 Burglary is counted in [Hadley's] criminal history or not, he is still in category 'A' on his criminal history score and the sentence imposed was legal. A legal sentence should not be disturbed on appeal." The State is correct. Even discounting the 1983 burglary, Hadley's criminal history contains three person felonies: the 2002 fleeing or attempting to elude a police officer, the 2002 attempted aggravated battery, and the 1988 aggravated assault. In addition, Hadley's

7

criminal history includes three person misdemeanor convictions, which were converted and scored as a person felony. So even if Hadley were to receive relief under *Dickey* for his 1983 burglary conviction, his criminal history score remains an A. See K.S.A. 2015 Supp. 21-6809 (describing criminal history for category A).

Thus, Hadley's sentence will remain the same regardless of whether the 1983 burglary is classified as a person or nonperson offense. Stated differently, whether Hadley's 1983 burglary is classified as a person or nonperson offense, the sentence originally imposed by the district court conformed to the statutory provision in the term of the punishment authorized. There is no need to vacate Hadley's sentence and remand for resentencing, despite the fact that under *Dickey*, Hadley's 1983 burglary conviction should have been classified as a nonperson felony. Hadley received a legal sentence, so the district court's denial of his motion to correct illegal sentence was right, albeit for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision).

We will briefly address the remaining issues that Hadley has raised on appeal. Hadley contends that the district court erred by finding that our Supreme Court's holding in *Murdock* only applied to out-of-state convictions. Specifically, he claims that, under *Murdock*, his 1988 Kansas conviction for aggravated assault should have been scored as a nonperson offense. But this argument fails because 2 weeks prior to Hadley filing his appellate brief, our Supreme Court overruled *Murdock*. See *Keel*, 302 Kan. 560, Syl. ¶ 9. In *Keel*, our Supreme Court held that when designating a pre-Kansas Sentencing Guidelines Act (KSGA) conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶ 8. Aggravated assault was scored as a person offense in Kansas at the time Hadley's current crime of conviction was committed in 2002. See K.S.A. 21-3410 (Furse 1995). Thus, based on

*Keel*, the district court did not err in classifying Hadley's 1988 Kansas conviction for aggravated assault as a person offense for criminal history purposes.

Next, Hadley argues that the unequal treatment of defendants with in-state criminal histories and defendants with out-of-state criminal histories for sentencing purposes violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Hadley's argument is based on our Supreme Court's holding in *Murdock*—especially after the court modified its opinion on September 19, 2014—which arguably distinguished between in-state and out-of-state prior convictions in this context. See 302 Kan. at 590-91. But again, *Keel* has resolved Hadley's claim. Since our Supreme Court's decision in *Keel*, Kansas courts no longer apply a different analysis to determine whether a pre-KSGA conviction was a person or nonperson offense for criminal history purposes depending on whether the pre-KSGA conviction occurred in Kansas or out of state. See 302 Kan. at 589-91.

Finally, Hadley argues that the retroactive application of House Bill 2053, which amended K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811 and became effective April 2, 2015, violates the Ex Post Facto Clause of Article I of the United States Constitution. Article 1, § 10, of the United States Constitution states: "No State shall . . . pass any . . . ex post facto [l]aw." In order for a criminal law to be ex post facto, "'it must be retrospective, that is it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.' [Citations omitted.]" *State v. Todd*, 299 Kan. 263, 278, 323 P.3d 829 (2014).

Initially, we note that Hadley lacks standing to raise this argument. The traditional two-part test to determine standing requires that "'"a person . . . demonstrate that (1) he or she suffered a cognizable injury and (2) that there is a causal connection between the injury and the challenged conduct."' [Citation omitted.]" *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33 (2015). Here, the district court did

not deny Hadley's motion to correct illegal sentence based on House Bill 2053, which was not enacted until after his case was on appeal. Simply put, House Bill 2053 has never been applied to Hadley, and he cannot demonstrate any injury from such an application. As a result, Hadley has no standing to challenge House Bill 2053 in his appeal.

Even if Hadley had standing to challenge House Bill 2053 in this appeal, his challenge would have no merit. House Bill 2053 was enacted by the Kansas Legislature in 2015 as an attempt to address the statewide sentencing problems caused by our Supreme Court's holding in *Murdock*. In *Murdock*, our Supreme Court noted that Kansas did not begin classifying crimes as person or nonperson offenses until 1993 when the KSGA was enacted. 299 Kan. 312, Syl. ¶ 4. The *Murdock* court held that when calculating a defendant's criminal history that includes out-of-state convictions committed prior to the enactment of the KSGA, the out-of-state convictions must be classified as nonperson offenses. 299 Kan. 312, Syl. ¶ 5. In an attempt to address the holding in *Murdock*, House Bill 2053 amended K.S.A. 2014 Supp. 21-6810(d)(2) and became effective upon publication on April 2, 2015. As amended, the subsection states:

> "[T]he following are applicable to determining an offender's criminal history classification . . . (2) All prior adult felony convictions, including expungements, will be considered and scored. *Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or non-person crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed*[.]" Kan. H.B. 2053 sec. 1.

The legislature added subsection (e) stating: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." Kan. H.B. 2053, sec. 1. The legislature made similar amendments to K.S.A. 21-6811 and applied those amendments retroactively, as well. Kan. H.B. 2053, sec. 2.

10

But as we have already discussed, our Supreme Court's holding in *Murdock* was subsequently overruled in *Keel*. 302 Kan. 560, Syl. ¶ 9. In *Keel*, our Supreme Court construed the statutory language in K.S.A. 2014 Supp. 21-6810 and K.S.A. 2014 Supp. 21-6811 *prior to the amendments in House Bill 2053* and held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶ 8. In other words, the amendments in House Bill 2053 were consistent with our Supreme Court's holding in *Keel* interpreting the statutory language prior to the amendments. Essentially, the amendments in House Bill 2053 did not have the effect of changing the law as applied by our Supreme Court in *Keel*.

In order for a criminal law to be ex post facto, it must "'"disadvantage the offender affected by it."'" *Todd*, 299 Kan. at 278. Hadley cannot show he has been disadvantaged by the enactment of House Bill 2053 because the determination of his criminal history would be subject to the same rules even if the applicable statutes had not been amended by House Bill 2053. Thus, even if Hadley had standing to raise the issue, his claim that the retroactive application of House Bill 2053 violates the Ex Post Facto Clause of Article I of the United States Constitution would fail.

In summary, although Hadley's 1983 burglary conviction was improperly classified as a person felony in violation of his constitutional rights as explained in *Dickey*, the erroneous classification did not render his sentence illegal because it did not cause his sentence to fail to conform to the applicable statutory provision in the term of the punishment authorized. Hadley's criminal history score was correct despite the incorrect classification of this particular prior conviction, so his sentence was not illegal. Thus, the district court's denial of Hadley's motion to correct illegal sentence was right, albeit for the wrong reason. See *Overman*, 301 Kan. at 712.

11

Affirmed.