NOT DESIGNATED FOR PUBLICATION

No. 113,763

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD A. TRACY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed July 22, 2016.
Affirmed in part, vacated in part, and remanded with directions.

.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*: Richard A. Tracy appeals the district court's decisions revoking his
probation and denying his motion to correct illegal sentence. Tracy claims the district
court erred by (1) revoking his probation and ordering him to serve his underlying prison
sentence without first imposing intermediate sanctions or making the statutorily required
findings to circumvent those sanctions, and (2) denying his motion to correct illegal
sentence and refusing to classify his prior Kansas and Colorado burglary convictions as
nonperson offenses for criminal history purposes. We agree with Tracy's first claim and

1

we agree, in part, with his second claim. Thus, we vacate the order directing Tracy to serve his underlying prison sentence and remand for further proceedings.

On November 26, 2013, pursuant to a plea agreement, Tracy pled guilty to one count of unlawful possession of methamphetamine. The presentence investigation (PSI) report indicated that Tracy had a criminal history score of B, based in part on a 1974 Colorado burglary conviction and a 1982 Kansas burglary conviction. At the sentencing hearing on February 7, 2014, Tracy did not object to his criminal history score. The district court sentenced Tracy to 36 months' imprisonment but granted his motion for a dispositional departure to probation for 12 months to be supervised by community corrections. Tracy did not file a direct appeal of his sentence.

On April 22, 2014, Tracy's probation officer filed a warrant alleging that Tracy had violated his probation by failing to make required payments toward his outstanding court balance, testing positive for amphetamines, admitting to methamphetamine use, and failing to complete required community service work. The district court held a hearing on May 16, 2014, at which Tracy admitted the violations. The district court revoked and reinstated Tracy's probation, extending the term for 18 months and ordering Tracy to successfully complete inpatient substance abuse treatment.

On December 8, 2014, Tracy's probation officer filed a second warrant, alleging that Tracy had again violated the conditions of his probation. This time, the warrant alleged that Tracy had failed to timely notify his probation officer of a change of address, failed to make a payment toward restitution or court costs, failed to make a payment toward costs of supervision, failed to report as directed, and failed to attend drug and alcohol treatment. The warrant also alleged that Tracy's whereabouts were unknown.

The probation violation warrant was executed on December 12, 2014, and a hearing was scheduled for January 21, 2015. At the hearing, Tracy admitted all the

2

violations except the failure to notify his probation officer of a change of address. Based on the stipulation, the district court found that Tracy was in violation of his probation. At that point, the district court noted that Tracy had filed a motion to correct illegal sentence in which he challenged the criminal history classification of his Colorado and Kansas burglary convictions as person offenses. The written motion is not included in the record on appeal. The district court denied the motion based on its understanding of applicable Kansas caselaw and also because Tracy had not objected at sentencing to his criminal history score. After hearing arguments on disposition, the judge stated that he "[did] not see that there is any viable alternative left within the community" and ordered Tracy to serve the original prison sentence. Tracy filed a notice of appeal.

PROBATION REVOCATION

Tracy first claims the district court erred by revoking his probation and ordering him to serve his underlying prison sentence without first imposing intermediate sanctions or making the statutorily required findings to circumvent those sanctions. The State responds that this issue is not properly before this court because Tracy failed to adequately raise it before the district court. In the alternative, the State argues that the district court did not err when it imposed Tracy's underlying sentence without first imposing an intermediate sanction.

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015). To the extent that Tracy's claim involves statutory interpretation, it presents a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

Tracy acknowledges that he is raising his claim about intermediate sanctions for the first time on appeal. Generally, failure to raise an issue in the district court renders an issue unpreserved for appellate review. *State v. Barber*, 302 Kan. 367, 385, 353 P.3d 1108 (2015). However, there are three exceptions to this general rule: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Tracy asserts that the first exception applies: this is a question of law, arising on proved or admitted facts, which is finally determinative of the case.

This court previously has addressed an intermediate sanction issue for the first time on appeal under both the first and second exceptions to the general rule. In *State v. Porter*, No. 111,723, 2015 WL 4486858, at *7-8 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. ___ (March 28, 2016), this court addressed a district court's alleged error in failing to consider intermediate sanctions prior to revoking probation. Although the issue had not been raised in district court, this court found that the question was one of law arising on proved or admitted facts that was finally determinative of the case and that "consideration of the issue would serve the ends of justice by effectuating a consistent interpretation of the legislative intent expressed in the statute." 2015 WL 4486858, at *8. Consistent with our prior ruling in *Porter*, we will address Tracy's claim for the first time on appeal.

K.S.A. 2015 Supp. 22-3716(c)(1) states that if a person serving probation for a felony conviction violates the terms of his or her probation, the district court may impose certain sanctions. The statute further provides a series of graduated intermediate sanctions that a court may impose upon subsequent probation violations. See K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(E). K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender

4

commits a new felony or misdemeanor or absconds from supervision while the offender is on probation, the district court may revoke the probation without having previously imposed an intermediate sanction. Moreover, K.S.A. 2015 Supp. 22-3716(c)(9) provides that the district court may revoke an offender's probation without imposing an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction.

The State argues that the district court was authorized to impose Tracy's underlying prison sentence under K.S.A. 2015 Supp. 22-3716(c)(8) because Tracy had absconded while on probation. However, the district court did not appear to base its decision to revoke probation on Tracy absconding. The judge did not mention absconding at the hearing, nor did Tracy's probation officer use the term "abscond" when describing Tracy's alleged violations. The probation violation warrant, filed on December 8, 2014, alleged that Tracy failed to appear for an "unscheduled" office visit on December 2, 2014, and he failed to appear for a scheduled office visit on December 3, 2014. The record reflects that the probation violation warrant was executed and Tracy was taken into custody on December 12, 2014, 4 days after the warrant was issued.

This court previously has held that absconding under K.S.A. 2015 Supp. 22-3716(c)(8) requires evidence that a probationer "did something more than fail to report." *State v. Huckey*, 51 Kan. App. 2d 451, 455, 348 P.3d 997, *rev. denied* 302 Kan. ___ (2015). In *Huckey*, this court held that if the imposition of an intermediate sanction is to be avoided based on the probationer absconding from supervision, the State must allege that the probationer has absconded and, if a hearing is requested, the State must prove the allegation by a preponderance of the evidence. 51 Kan. App. 2d at 457-58.

Here, although the probation violation warrant indicated that Tracy's whereabouts were unknown, the State did not specifically allege that Tracy had absconded from

probation. Likewise, the district court made no finding that Tracy had absconded. Although the journal entry of the probation violation hearing states that Tracy "failed to report to I.S.O. and absconded," the record of the hearing does not support these statements. To the extent that the journal entry, which was prepared by the State and not signed by Tracy's counsel, differs from the transcript of the hearing, the transcript of the hearing controls. *Cf. Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007) ("[W]here the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls.").

The only statutory subsection under which the district court could have properly imposed the original prison sentence without first imposing an intermediate sanction is K.S.A. 2015 Supp. 22-3716(c)(9), which requires the district court to find and set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Tracy argues that the district court failed to make sufficient findings to satisfy the statute. Conversely, the State argues that the judge's comments at the probation revocation hearing were sufficient to comply with the statutory requirement.

Tracy makes the better argument. As this court previously has held, implicit findings are not adequate when a statute requires particularized findings. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015). In *McFeeters*, this court specifically addressed K.S.A. 2015 Supp. 22-3716(c)(9) and held "that the district court seeking to invoke the exceptions must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions. [Citation omitted.]" 52 Kan. App. 2d at 49.

Here, the district court did not address either public safety or the offender's welfare before revoking Tracy's probation. The brief remarks the judge made at Tracy's hearing were insufficient to adequately address either justification for bypassing the intermediate

6

sanctions and imposing the original prison sentence. Instead, before ordering Tracy to serve his prison sentence, the judge noted only that there was no "viable alternative left within the community." We conclude that the district court did not set forth its findings with the particularity and specificity required by K.S.A. 2015 Supp. 22-3716(c)(9).

The State asks that if this court concludes that the district court's findings were insufficient, we should remand for further proceedings during which the district court can make additional findings if it desires to do so. This remedy is consistent with the action taken by this court in *McFeeters*. See 52 Kan. App. 2d at 49. Thus, we vacate the order directing Tracy to serve his underlying prison sentence and remand to the district court for a new dispositional hearing at which the court either should impose an intermediate sanction or make the statutorily required findings to circumvent such a sanction.

MOTION TO CORRECT ILLEGAL SENTENCE

Next, Tracy claims the district court erred in denying his motion to correct illegal sentence. Specifically, Tracy challenges the district court's refusal to reclassify his 1974 Colorado burglary conviction and his 1982 Kansas burglary conviction as nonperson offenses, claiming that the classification of these prior convictions as person offenses rendered his current sentence illegal. The district court addressed Tracy's motion at his second revocation hearing and denied the motion on procedural and substantive grounds.

The State claims that this issue is not properly before this court. First, the State argues that Tracy may not challenge his sentence on constitutional grounds through a motion to correct illegal sentence. Second, the State argues that Tracy's claim is barred because he failed to challenge his criminal history score at sentencing. Third, the State claims that by waiving his right to a jury trial and pleading guilty in this case, Tracy waived his right to have a jury make factual sentencing determinations. Finally, the State

7

contends that Tracy's failure to challenge the prior classification in a direct appeal implicates res judicata and bars him from challenging it now.

We will address the State's claims that Tracy is procedurally barred from raising this issue on appeal. First, the State argues that Tracy may not challenge his sentence on constitutional grounds through a motion to correct illegal sentence. To support this claim, the State cites *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016), where the Kansas Supreme Court reiterated its longstanding rule that a "motion to correct an illegal sentence is not an appropriate procedural vehicle to challenge the constitutionality of the procedures used to impose" a sentence. The State asserts that the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its position. See *State v. Vrabel*, 301 Kan. 797, 809, 347 P.3d 201 (2015).

We are well aware that the Court of Appeals is duty bound to follow Kansas Supreme Court precedent. However, the legal principle that seems to be lost on the State is that the application of any rule of law set forth in an appellate court decision is limited to the facts of that decision. In *Warrior*, the defendant's constitutional claim was not based on an alleged incorrect criminal history score; instead, the defendant claimed that his hard 50 sentence violated the Sixth Amendment to the United States Constitution as interpreted in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2155, 2160-63, 186 L. Ed. 2d 314 (2013). Thus, no matter how much the State pleads that the holding in *Warrior* bars Tracy's claim in this appeal, we conclude that it does not do so.

As the State knows, this court previously has rejected its argument that a defendant may not base a motion to correct illegal sentence on a constitutional claim when the constitutional claim affects the defendant's criminal history score, thereby creating an illegal sentence. In *State v. Martin*, 52 Kan. App. 2d 474, 483, 369 P.3d 959 (2016), *petition for rev. filed* May 5, 2016, this court stated:

8

"Generally, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. [Citations omitted.] But when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of punishment authorized and, consequently, is an illegal sentence. [*State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).] Under K.S.A. 22-3504(1), Kansas courts have jurisdiction to correct a sentence at any time. [Citation omitted.]"

In *Martin*, this court found guidance in the Kansas Supreme Court's decision in *Neal*. In that case, the defendant filed a motion to correct illegal sentence under K.S.A. 22-3504(1) and raised a *constitutional challenge* to his sentence, arguing that prior uncounseled misdemeanor convictions could not be aggravated and included in calculating his criminal history score. Our Supreme Court led off the opinion by discussing whether the defendant's motion was procedurally barred, *i.e.*, whether K.S.A. 22-3504(1) was a proper vehicle for his claim. The court concluded:

"Here, Neal's challenge to his criminal history score is necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized . . . , and, consequently, is an illegal sentence. Accordingly, K.S.A. 22-3504 is the proper vehicle for his claim. [Citation omitted.]" 292 Kan. at 631.

Thus, despite the Kansas Supreme Court's recitation in *Warrior* of the general rule that a motion to correct illegal sentence cannot be based on a constitutional claim, our Supreme Court previously recognized in *Neal* that an exception to this rule exists if the constitutional claim affects the defendant's criminal history score and creates an illegal sentence under K.S.A. 22-3504(1). See also *State v. Vasquez*, 52 Kan. App. 2d 708, Syl. ¶¶ 8-9, 371 P.3d 946 (2016) (rejecting the claim that *Warrior* bars this type of argument and stating that this criminal history challenge "falls squarely within the scope of relief afforded by the legislature under K.S.A. 22-3504").

9

*Martin* also addressed the State's argument that res judicata prevents a defendant from raising this classification issue if the defendant failed to raise it in a direct appeal. In rejecting that argument, this court stated:

"Moreover, interpreting the doctrine of res judicata to bar challenges of an illegal sentence merely because they *could* have been brought in a direct appeal would undermine the clear statutory directive that courts may correct an illegal sentence at any time under K.S.A. 22-3504(1). As this court recently explained in an unpublished decision, res judicata generally applies to all issues that were or could have been raised in an appeal from a sentence or conviction. *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (January 8, 2015). But the *Angelo* court also stated: 'However, K.S.A. 22-3504(1) provides an exception to this rule. If a sentence is illegal, then the court may correct an illegal sentence at any time despite a defendant's failure to raise the issue on direct appeal.' [Citation omitted.] This court continued: '[If a] sentence is illegal, res judicata does not apply and we have jurisdiction over the issue.' [Citation omitted.]

"Our Supreme Court took a similar position in [*Neal*, 292 Kan. at 531]. The *Neal* court noted that although the defendant had not raised in his direct appeal the issue of aggregation of prior convictions for criminal history purposes, 'the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal.' [Citation omitted.] Based on the analysis in *Neal* and *Angelo* and because a broad application of res judicata would contravene the clear directive of K.S.A. 22-3504(1), we decline to apply the doctrine of res judicata or waiver to bar Martin's claim of an illegal sentence." *Martin*, 52 Kan. App. 2d at 481-82.

The State's argument that Tracy's claim is barred because he failed to challenge his criminal history score at sentencing meets a similar end. Our Supreme Court rejected that argument in *State v. Dickey*, 301 Kan. 1018, 1033-34, 350 P.3d 1054 (2015), and concluded that a challenge to the classification of a prior conviction raises a pure legal question; therefore, a failure to object at sentencing did not constitute a stipulation to any required underlying facts or otherwise invite error.

10

In one more attempt to persuade this court not to address the merits of this issue, the State claims that by waiving his right to a jury trial and pleading guilty in this case, Tracy waived his right to have a jury make factual sentencing determinations. The State cites to *State v. Williams*, 259 Kan. 432, 436, 913 P.2d 587 (1996), in which our Supreme Court held that "a defendant cannot waive the jury trial and then insist upon a jury for the sentencing proceeding." *Williams* is distinguishable, however, because that case addressed a situation where the defendant had been advised by his counsel that his no-contest plea would result in a waiver of his right to have a jury participate in the hard 40 sentencing proceeding. 259 Kan. at 435-36.

Here, there is no indication in the record that anyone advised Tracy that pleading guilty to possession of methamphetamine would result in waiving his right to have a jury make any factual findings required to classify a prior conviction as a person offense for criminal history purposes. Moreover, *Williams* is distinguishable because it dealt with a statutory right to have a sentencing jury, whereas the issue here is whether a sentencing judge made findings on questions of fact which, in order to comply with the Constitution, must have been proved beyond a reasonable doubt to a jury. See *Dickey*, 301 Kan. at 1036-40. Thus, we reject the State's argument that Tracy is barred from challenging his criminal history because he waived a jury trial and pled guilty to the charge in this case.

We now turn to the merits of Tracy's claims. Tracy challenges the district court's refusal to reclassify his 1974 Colorado burglary conviction and his 1982 Kansas burglary conviction as nonperson offenses, claiming that the classification of these prior convictions as person offenses rendered his current sentence illegal. More specifically, Tracy argues that by classifying his prior burglary convictions as person offenses, the district court engaged in unconstitutional factfinding prohibited by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

11

"Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review. [Citation omitted.]" *Dickey*, 301 Kan. at 1036. In addition, "[w]hether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. [Citations omitted.]" 301 Kan. at 1034. Finally, whether a sentence is illegal is also a question of law subject to unlimited review. 301 Kan. at 1034.

*Dickey* controls Tracy's claim concerning his 1982 Kansas burglary conviction. In *Dickey*, the defendant pled guilty to felony theft and his PSI report listed a 1992 Kansas juvenile adjudication for burglary, scored as a person felony. On appeal, the defendant challenged the classification of his 1992 burglary adjudication as a person felony, arguing it violated his Sixth Amendment rights as enumerated by the United States Supreme Court in *Apprendi* and *Descamps*. In *Apprendi*, the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* is implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Applying *Apprendi* and *Descamps*, the *Dickey* court determined the Kansas burglary statute in effect when the defendant committed his prior burglary did not require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. The court explained that because the burglary statute did not contain a dwelling element, the determination of whether the defendant's burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. The *Dickey* court concluded that "classifying [the defendant's] prior burglary

12

adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Like the statute in *Dickey*, the Kansas burglary statute under which Tracy was convicted in 1982 did not include a dwelling element. See 301 Kan. at 1039. Instead, the statute under which Tracy was convicted defined burglary as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Ensley 1981). Thus, under *Dickey*, classifying the burglary as a person felony required judicial factfinding prohibited by *Descamps* and *Apprendi*.

The State does not dispute Tracy's contention that if he was being sentenced today, his 1982 Kansas burglary conviction would be scored as a nonperson offense under the holding in *Dickey*. Having rejected the various procedural roadblocks asserted by the State for why Tracy should be barred from raising his claim on appeal, we conclude that Tracy's 1982 burglary conviction should have been classified as a nonperson felony for criminal history purposes. Thus, on remand, the district court must resentence Tracy with the 1982 Kansas burglary conviction scored as a nonperson felony.

We now turn to Tracy's claim concerning his 1974 Colorado burglary conviction. Again, Tracy claims that by classifying the conviction as person felony, the district court engaged in unconstitutional factfinding prohibited by *Apprendi* and *Descamps*. Specifically, Tracy argues that because, to commit burglary, Colorado requires only the intent to commit a crime against a person or property while Kansas requires the intent to commit a felony, theft, or sexually motivated crime, the determination that Tracy's Colorado burglary should be classified as a person offense involved factfinding— ostensibly that Tracy intended to commit a felony, theft, or sexually motivated crime during the commission of the Colorado burglary—in violation of *Descamps*.

13

Resolving Tracy's argument requires interpretation of three statutes: (1) K.S.A. 2015 Supp. 21-6811; (2) K.S.A. 2012 Supp. 21-5807, the Kansas burglary statute in effect at the time of Tracy's current crime of conviction; and (3) Colo. Rev. Stat. § 18-4-203 (1973), the Colorado second-degree burglary statute under which Tracy was convicted in 1974. The Colorado statute defining second-degree burglary at the time Tracy committed that crime stated:

"(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure *with intent to commit therein a crime against a person or property*.

"(2) Second degree burglary is a class 4 felony, but if it is a burglary of a dwelling, it is a class 3 felony." (Emphasis added.) Colo. Rev. Stat. § 18-4-203 (1973).

K.S.A. 2012 Supp. 21-5807, the Kansas burglary statute in effect at the time of Tracy's current crime of conviction, states:

"(a) Burglary is, without authority, entering into or remaining within any:

"(1) Dwelling*, with intent to commit a felony, theft or sexually motivated crime therein*;

"(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, *with intent to commit a felony, theft or sexually motivated crime therein*; or

"(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, *theft or sexually motivated crime therein*."

Burglary as defined in sections (a)(1) is a person felony, while burglary as defined in the other two subsections is a nonperson felony. See K.S.A. 2012 Supp. 21-5807(c)(1).

14

K.S.A. 2015 Supp. 21-6811 addresses the classification of prior convictions and adjudications when calculating a criminal history score. Subsection (e) specifically focuses on out-of-state convictions and adjudications, stating in pertinent part:

"Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

. . . .

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, *comparable* offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a *comparable* offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.

. . . .

(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." (Emphasis added.)

K.S.A. 2015 Supp. 21-6811(e) explicitly states that in designating a prior out-of-state conviction as a person or nonperson crime, courts should look to the *comparable* Kansas offense. Our Supreme Court has "explicitly ruled the crimes need not have identical elements to be comparable for making the person or nonperson designation." *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014). For purposes of identifying a comparable Kansas crime in the context of K.S.A. 2015 Supp. 21-6811(e), the Kansas crime that is "'the closest approximation' of the out-of-state crime [is] a comparable offense." 299 Kan. at 873. Instead of requiring identical elements, "[t]he essential question is whether the offenses are similar in nature and cover similar conduct. [Citations omitted.]" *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014).

15

In Kansas, whether a burglary is classified as a person or nonperson offense hinges on whether the burglary involved a dwelling. Tracy does not focus his appellate argument on the "dwelling" element of burglary; instead, he focuses on the intent to commit a crime element included in the Kansas and Colorado burglary statutes. The Colorado burglary statute under which Tracy was convicted allows a conviction when a person enters into or remains unlawfully in a building or occupied structure "with intent to commit therein a crime against a person or property." Colo. Rev. Stat. § 18-4-203 (1973). The Kansas burglary statute in effect at the time of Tracy's current crime of conviction allows a conviction when a person enters into or remains within a dwelling with the intent to commit a "felony, theft, or sexually motivated crime." K.S.A. 2012 Supp. 21-5807(a)(1). Tracy correctly asserts that the intent element in the Colorado statute is broader than the intent element in the Kansas statute. Therefore, he contends, by classifying the Colorado burglary as a person offense, the district court engaged in improper judicial factfinding in violation of the Sixth Amendment.

Recently, this court addressed a claim identical to Tracy's in *State v. Moore*, ___ Kan. App. 2d ___, ___ P.3d ___ (No. 113,545, filed June 24, 2016). *Moore* concerned the classification as a person offense of a 1984 Oregon burglary conviction. Like Tracy does here, Moore focused on the intent element of the two burglary statutes, arguing that because the Oregon and Kansas statutes required different forms of criminal intent—Oregon's allowing for broader criminal intent—finding the statutes comparable necessarily required judicial factfinding. The *Moore* court disagreed, stating that "the difference between the intent elements isn't relevant to the person classification of prior burglary convictions." Slip op. at *3. See also *State v. Buell*, ___ Kan. App. 2d ___, Syl. ¶ 9, ___ P.3d ___ (No. 113,881, filed June 24, 2016) (intent element is irrelevant to the determination of whether out-of-state burglary conviction should be classified as person or nonperson because the only material difference between person and nonperson burglary in Kansas is whether the burglary was committed in a dwelling).

16

We adopt the reasoning of *Moore* and *Buell* and reject Tracy's challenge to the classification of his 1974 Colorado burglary conviction. Tracy is not challenging whether his Colorado burglary was of a dwelling, which is the element in Kansas that differentiates between a person or nonperson offense. Tracy focuses only on the intent element, which is irrelevant to the person classification of burglary in Kansas. Burglary in violation of K.S.A. 2012 Supp. 21-5807 is the most comparable offense in Kansas to Tracy's 1974 Colorado second-degree burglary conviction and in Kansas, burglary of a dwelling is a person offense. See K.S.A. 2012 Supp. 21-5807(c)(1). Because Tracy does not challenge whether his 1974 Colorado burglary involved a dwelling, we conclude the Colorado burglary was correctly classified as a person offense.

Affirmed in part, vacated in part, and remanded with directions.