NOT DESIGNATED FOR PUBLICATION

No. 123,095

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW PEREZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed July 9, 2021. Affirmed.

*Adam T. Carey*, of The Law Offices of A.T. Carey, of Elkhart, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

PER CURIAM: Matthew Perez appeals the district court's summary denial of his second motion to correct illegal sentence. After the district court granted Perez' first motion to correct illegal sentence, he was resentenced to a shorter term of imprisonment. However, he now contends that the revised presentence investigation report (PSI) that was used at his resentencing to determine his criminal history score was also incorrect. As a result, he argues that his resentencing was also illegal. Based on our review of the record, we do not find that Perez is entitled to further relief. Thus, we affirm the district court's decision summarily denying Perez' second motion to correct illegal sentence.

1

On April 14, 2011, Perez was convicted of conspiracy to commit aggravated robbery, a severity level 5 person felony, and aggravated assault, a severity level 7 person felony. Prior to sentencing, a PSI was prepared that showed Perez' criminal history score to be A. Based on the PSI, the district court sentenced Perez to 149 months in prison.

About two years later, on March 4, 2013, Perez filed his first motion to correct illegal sentence. In his motion, he asserted that the PSI was incorrect and, as a result, the sentence imposed was illegal. On January 13, 2014, based on an agreement between the parties, the district court granted Perez' motion to correct illegal sentence. Specifically, the district court found that Perez' criminal history score should have been calculated as B.

A revised PSI was prepared on February 6, 2014. Based on a side-by-side comparison, we note the following differences between the initial PSI and the revised PSI:

| Item Changed | First PSI (5/2/2011) | Second PSI (1/23/2014) |
|---|---|---|
| Total Adult Person Off-Grid Felonies | 2 | 1 |
| Total Person Misdemeanors | 0 | 2 |
| Total Person Misdemeanors Converted | 6 | 3 |
| Total Decayed Juvenile Adjudications | 2 | 0 |
| Battery, 6/17/98 | Juvenile Misdemeanor Conversion | Juvenile Misdemeanor Decayed |
| Disorderly Conduct, 10/7/98 | Juvenile Misdemeanor Unscored | Juvenile Misdemeanor Decayed |
| Pedestrian Under the Influence, 3/7/01 | Juvenile Misdemeanor Unscored | Juvenile Misdemeanor Decayed |
| Violation of Protection from Abuse, 5/30/03 | Adult Misdemeanor Conversion | Adult Misdemeanor Person |
| Violation of Protection from Abuse, 5/30/03 | Adult Misdemeanor Conversion | Adult Misdemeanor Person |

In addition, we note that both PSIs scored Perez' conspiracy to commit aggravated robbery conviction as a severity level 5 person felony. Similarly, we note that both PSIs scored Perez' aggravated assault conviction as a severity level 7 person felony. Although some of their designations were changed, the same 17 prior convictions were listed in both PSI worksheets. Finally, both PSIs indicated that none of Perez' prior convictions

2

were used to enhance or elevate his sentence or used as an element of the current crimes of conviction in this case.

On March 12, 2014, the district court resentenced Perez. Determining that his criminal history score was B, the district court sentenced Perez to 141 months in prison. The next day, Perez filed a notice of appeal. However, he did not challenge the district court's reliance upon the revised PSI to determine his criminal history score. Instead, he challenged the district court's decision not to adopt the parties' recommendation that Perez be granted a downward durational departure to 138 months. Subsequently, a panel of this court dismissed Perez' appeal in a summary disposition pursuant to Supreme Court Rule 7.041A(d) (2021 Kan. S. Ct. R. 48).

On September 13, 2017, Perez filed a second motion to correct illegal sentence, which is the subject of this appeal. In his second motion to correct illegal sentence, Perez raised arguments that are nearly identical to those he raised in his first motion to correct illegal sentence. Significantly, Perez argues that his juvenile felony conviction "decay[ed]" under the current version of K.S.A. 21-6810(d)(4), which was amended in 2016. Because only one juvenile felony is listed on the revised PSI worksheet, it appears that Perez' argument relates to his 2001 juvenile adjudication for unlawful sexual relations in violation of K.S.A. 21-3522.

On July 23, 2018, the district court summarily denied Perez' second motion to correct illegal sentence. In doing so, the district court focused on Perez' argument regarding the "decay" of his juvenile adjudication under K.S.A. 2018 Supp. 21-6810(d)(4).

Specifically, the district court opined, in relevant part, as follows:

3

"[T]he defendant is complaining about his criminal history score based upon the 2016 amendments to K.S.A. 21-6810(d)(4). The defendant complains Item 2 and Item 6 of his criminal history in his PSI were illegally used to calculate his criminal history based upon 21-6810. *State v. Martinez* properly holds the 2016 amendments to the decay provisions of 21-6810 were not meant to apply retroactively. 401 P.3d 188 (2017).

"The Court has examined the motions, file and record of this case and finds they conclusively show the defendant is not entitled to relief. The Court finds the defendant is not entitled to the appointment of counsel and not entitled to a hearing. All of the defendant's motions are denied."

Thereafter, Perez appealed to this court. On May 4, 2021, we issued an Order to Show Cause as to why this appeal should not be dismissed. In his response, Perez states that even though he did receive an early release from prison, he continues to be subject to postrelease supervision and to potential sanctions that could be imposed by the Kansas Department of Corrections. Moreover, he states that he is currently being held in the custody of the Finney County Jail on unrelated charges "and will no doubt face repercussions . . . for violating his post-release." Under these circumstances, we find that it is appropriate to decide this appeal on the merits.

ANALYSIS

The sole issue presented on appeal if whether the district court erred in summarily denying Perez' motion to correct illegal sentence. Perez argues that his criminal history was improperly scored at his resentencing. Many of Perez' arguments are the same as he raised in his first motion to correct illegal sentence. Likewise, at indicated above, Perez' direct appeal following his resentencing was dismissed by a panel of this court. Furthermore, with the exception of his "decay" argument based on the 2016 amendment to K.S.A. 21-6810, all of the other arguments asserted by Perez in this appeal were or could have been raised in his prior appeal.

4

Under K.S.A. 2020 Supp. 22-3504(a), an illegal sentence may be corrected "at any time while the defendant is serving such sentence." The proper classification of a prior conviction is a question of law over which we have unlimited review. *State v. Dickey* (*Dickey II*), 305 Kan. 217, 220, 380 P.3d 230 (2016). Similarly, our review to determine whether a sentence is illegal is unlimited. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

Initially, the State must prove the defendant's criminal history by a preponderance of the evidence. *State v. Ewing*, 310 Kan. 348, Syl. ¶ 4, 446 P.3d 463 (2019). If a defendant's criminal history is not sufficiently supported by the record, remand is required to allow the district court to determine the appropriate classification of the defendant's offenses. See *Ewing*, 310 Kan. at 359-60. As a general rule, a defendant's criminal history is sufficiently established when the defendant admits to the criminal history in open court. K.S.A. 2020 Supp. 21-6814(a).

In addition, the State satisfies its burden when the defendant does not object to the State's prepared criminal history worksheet. K.S.A. 2020 Supp. 21-6814(b). Further, upon receipt, it is the defendant's burden to object to the criminal history worksheet to allow the State sufficient opportunity to produce evidence regarding the disputed portion of the worksheet. K.S.A. 2020 Supp. 21-6814(c). In any subsequent challenges to the defendant's criminal history, the burden of proof shifts to the defendant to establish error. K.S.A. 2020 Supp. 21-6814(c). See also *Neal*, 292 Kan. 625, Syl. ¶ 6 (motion to correct illegal sentence).

To begin, it is important to recognize that Perez only made a single challenge to the revised PSI at his resentencing hearing. In particular, at the hearing Perez solely argued that his 2001 juvenile adjudication for unlawful sexual relations—a person felony under K.S.A. 21-3522, should not have been included in his criminal history in the revised PSI because the conviction had been previously used to enhance a 2005 criminal

5

possession of a firearm conviction. Certainly, Perez could have raised this issue in his direct appeal from his resentencing, but Perez chose not to do so. Further, Perez also does not appear to raise this issue in this appeal. Therefore, we find the argument waived. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Instead, in this appeal, Perez appears to raise three different challenges to his criminal history score. First, Perez appears to argue that his 2005 criminal possession of a firearm conviction was improperly used to "enhance" his criminal history score. Second, Perez also appears to argue that his three 2003 sexual battery convictions were improperly included in his criminal history score because they triggered his duty to register as an offender. In this regard, we similarly note that Perez did not raise these arguments during the 2014 resentencing hearing or in his direct appeal from his resentencing. Moreover, he fails to explain why he did not do so. See Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35).

Nevertheless, we find both arguments unpersuasive. In particular, consistent with K.S.A. 2020 Supp. 21-6814, because Perez failed to object to the criminal history worksheet for the reasons that he now raises for the first time on appeal, we find that his criminal history was affirmatively established at his 2014 resentencing hearing. As a result, the burden to prove the accuracy of his criminal history has shifted to Perez on appeal. See K.S.A. 2020 Supp. 21-6814(c). Based on our review of the record, we find that Perez has failed to articulate any basis for his arguments regarding either his 2005 criminal possession of a firearm conviction or his 2003 sexual battery convictions. As a result, we conclude that Perez has failed to establish that the district court improperly applied the revised PSI during his 2014 resentencing.

Third, Perez appears to argue that his 2001 juvenile felony for unlawful sexual relations should not have been included in his criminal history. As a juvenile, on August

6

14, 2001, Perez was found to have committed unlawful sexual relations in violation of K.S.A. 2001 Supp. 21-3522. Under the 2001 version of the statute, the offense is to be scored as either a severity level 8, severity level 9, or severity level 10 person felony. Perez does not argue that his 2001 juvenile adjudication was inappropriately scored in the revised PSI presented at his resentencing in 2014. Instead, Perez argues that a 2016 amendment to K.S.A. 21-6810(d)(4)—which was enacted more than two years after his resentencing—should be applied retroactively. In particular, Perez argues that the 2016 amendment requires the "decay" of his 2001 juvenile adjudication from his criminal history. Because this issue involves the interpretation of a sentencing statute, it is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

In its current form, K.S.A. 2020 Supp. 21-6810(d)(4) states:

"(4) Except as otherwise provided, a juvenile adjudication will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the juvenile adjudication is for an offense:

(A) Committed before July 1, 1993, which would have been a class D or E felony, if committed by an adult;

(B) committed on or after July 1, 1993, which would be a nondrug severity level 5 through 10 felony, a nongrid felony or any drug felony, if committed by an adult; or

(C) which would be a misdemeanor, if committed by an adult."

In other words, the Kansas Legislature amended this subsection so that some less serious juvenile adjudications, which would have been person felonies if committed by adults, will decay. L. 2016, ch. 97, § 1. Although it is unclear from the record, we will assume for the purposes of this decision that Perez' prior juvenile adjudication is one that would decay under the 2016 amendment. See K.S.A. 2020 Supp. 21-6810(d)(4)(B). Even

7

so, we find that because the Kansas Legislature did not express an intent for the 2016 amendment to apply retroactively, Perez' prior juvenile adjudication was correctly accounted for at the time of his resentencing in 2014.

The issue of whether the 2016 statutory amendment should be applied retroactively was addressed by this court in *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *11-12 (Kan. App. 2017) (unpublished opinion). In reaching the conclusion that the 2016 amendment was not intended to be retroactive, the panel in *Martinez* explained:

"Generally, substantive criminal statutes only apply to crimes and circumstances that arise *after* they become law, or prospectively. It's possible for substantive statutes to apply retroactively, to cases and events in the past, but only if the legislature clearly intended them to (and applying them retroactively causes no constitutional problems). *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016).

"The statute we're discussing in this case does include retroactivity language: the legislature added subsection (e) in 2015 as part of House Bill 2053, which primarily amended part of the statute about how to classify certain older, pre-1993 convictions. L. 2015, ch. 5, § 1. The added retroactivity language makes the 2015 amendments themselves retroactive: 'The amendments made to this section *by this act* are procedural in nature and shall be construed and applied retroactively.' K.S.A. 2015 Supp. 21-6810(e); L. 2015, ch. 5, § 1. The legislature had specific reasons to make the 2015 amendments retroactive; the amendments were the legislative response to a specific Kansas Supreme Court decision, *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), enacted before *Murdock* was overruled in *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). See *State v. Villa*, No. 115,595, 2017 WL 3207087, at *3-4 (Kan. App., 2017) (unpublished opinion). In 2016, when the legislature made the amendments about the decay of juvenile adjudications in House Bill 2463, it didn't amend subsection (e). See K.S.A. 2016 Supp. 21-6810(e); L. 2016, ch. 97, § 1.

"Martinez argues that because K.S.A. 2016 Supp. 21-6810 includes retroactivity language, the 2016 amendments apply retroactively to his cases. But he overlooks the actual words in the retroactivity provision: the amendments made 'by this act' are retroactive. K.S.A. 2015 Supp. 21-6810(e). The 'act' referenced here is House Bill 2053, which contained the 2015 amendments and was titled, 'An act concerning crimes, punishment and criminal procedure; relating to calculation of criminal history; amending K.S.A. 2014 Supp. 21-6810 and 21-6811 and repealing the existing sections.' L. 2015, ch. 5. If the legislature had intended for subsection (e) to apply to all future amendments to the statute, it could have stated that intent; the legislature frequently applies a rule to a statute 'and amendments thereto.'

"In other words, only the 2015 amendments are retroactive, not every later amendment to the statute. It's true that the legislature didn't change subsection (e) in 2016 when it made more amendments. But we hesitate to interpret the legislature's lack of action related to subsection (e) as clear intent to make the 2016 amendments apply retroactively. See *State v. Jordan*, 303 Kan. 1017, 1021, 370 P.3d 417 (2016) (noting that legislative inaction is not a strong indicator of legislative intent); *Bernhardt*, 304 Kan. at 479 (reciting rule that a statute only applies retroactively if the legislature clearly intended it to). Additionally, the legislature's most recent amendment to subsection (e) confirms our interpretation of 'by this act' to mean that only the 2015 amendments were meant to be retroactive. Effective July 1, 2017, subsection (e) now reads: "The amendments made to this section by *section 1 of chapter 5 of the 2015 Session Laws of Kansas* are procedural in nature and shall be construed and applied retroactively.' H.B. 2092; L. 2017, ch. 92, § 5. We find no clear indication that the legislature intended for the 2016 amendments to apply retroactively, so we apply the presumptive rule that substantive changes apply prospectively only."

We agree with the panel's analysis in *Martinez* and also conclude that the 2016 amendment does not apply retroactively. Although Perez argues that the 2016 amendment to K.S.A. 21-6810(d)(4) was simply procedural, we find that the amendment was substantive because it potentially impacts the length of a defendant's sentence. Accordingly, we conclude that the 2016 amendment does not apply retroactively and, as

9

a result, Perez' 2001 juvenile unlawful sexual relations adjudication does not decay and was correctly classified as a person felony in his criminal history.

We, therefore, affirm the district court's summary denial of Perez' motion to correct illegal sentence.

Affirmed.