NOT DESIGNATED FOR PUBLICATION

Nos. 123,250
123,503
123,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JESSE D. DUNERWAY JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed September 16, 2022. Affirmed.

*Jesse David Dunerway Jr.*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Jesse D. Dunerway Jr. timely appeals from the district court's summary denial of his K.S.A. 60-1507 motion following a nonevidentiary hearing. He asserts claims of ineffective assistance of counsel, prosecutorial error, and cumulative error. Finding no error by the district court in summarily denying his motion, we affirm.

FACTS

A jury convicted Dunerway of aggravated burglary, criminal threat, aggravated kidnapping, and two counts of aggravated battery for which he was sentenced to 554 months' imprisonment. Another panel of this court upheld his convictions and sentences on direct appeal. *State v. Dunerway*, No. 111,457, 2015 WL 5224703, at *1 (Kan. App. 2015) (unpublished opinion). The underlying facts are taken from Dunerway's direct appeal:

"In April 2013, the State charged Dunerway with aggravated robbery, two counts of aggravated battery, aggravated burglary, and criminal threat. Later, the State amended these charges to include a third count of aggravated battery and a count of aggravated kidnapping. These charges stemmed from two separate incidents in March 2013 in which Dunerway asserted his authority as a pimp over two women, Indy Sweatmon and Patricia Carrion.

"In the first incident, Carrion was staying with a friend named Arvelle Roberts when, early in the morning, Dunerway banged on Roberts' door. When Carrion failed to answer immediately, Dunerway kicked the door in and entered the apartment. Immediately, he began beating Carrion with a two-by-four board, injuring her and fracturing her thumb. Dunerway then demanded that Carrion leave with him. As they walked, he carried the board and threatened Carrion by saying, '[Y]ou move, I'm going to kill you on sight.' At Dunerway's subsequent trial, Sweatmon would testify that Carrion worked for Dunerway as a prostitute. Also at trial, police officer Jordan Edison testified that Carrion told him Dunerway 'grabbed her by her hair' and dragged her first out of bed and then out of the apartment.

"In the second incident, Sweatmon and a man named Edward Dixson spent part of the evening talking, drinking, and driving around. Dixson paid $100 to have sex with her 'when [she] felt comfortable.' According to Dixson's account of the incident, they eventually drove to a house, where Sweatmon disappeared inside and returned with Dunerway in tow. Dixson encouraged Sweatmon to climb back into his truck, but immediately after she climbed in, Dunerway struck him. Dunerway kicked Dixson and demanded his money, and Sweatmon brandished a knife. After a good deal of struggle,

2

Dunerway managed to extract $300 from Dixson's pocket. Sweatmon eventually handed Dunerway the knife, and Dunerway cut Dixson. However, Sweatmon later testified that she and Dixson 'started kind of, like, tussling or whatever' before Dunerway ran out of the house, reached into the truck, and struck Dixson.

"Immediately prior to trial, the State requested that the district court declare Carrion unavailable to testify. After testimony and argument, the district court determined that Carrion was unavailable because she could not be located. Accordingly, Carrion's testimony from the preliminary hearing was read into the record at trial. Also at trial, a police officer and Dunerway himself both testified that Dunerway's explanation for what happened between he and Dixson was that Dixson attacked Sweatmon and Dunerway attempted to protect her. Regarding the incident with Carrion, Dunerway testified that he and Carrion were in a dating relationship until about 3 weeks before Carrion was attacked but that he never saw Carrion on the day in question.

"A jury convicted Dunerway of aggravated battery on Carrion and Dixson, aggravated burglary, criminal threat, and aggravated kidnapping but acquitted him of the aggravated robbery and the aggravated battery of Roberts." *Dunerway*, 2015 WL 5224703, at *1-2.

A mandate affirming Dunerway's convictions and sentences was issued on December 22, 2016. Initially, Dunerway filed a timely K.S.A. 60-1507 motion but withdrew the motion and then timely filed another K.S.A. 60-1507 motion, raising 15 issues. Dunerway later amended his motion, waiving five of the issues. Ultimately, the claims Dunerway argued before the district court were:

- His trial counsel, Ronald Lyon, was ineffective for failing to object to Sweatmon's testimony that Dunerway was Carrion's and Sweatmon's pimp;
- Lyon and direct appeal counsel were ineffective for failing to argue criminal restraint as a lesser included offense of aggravated kidnapping;
- Lyon was ineffective in his cross-examination of Roberts and for not calling Christopher Davis and Jeanstar Blandes as alibi witnesses;

3

- Lyon was ineffective for failing to make a hearsay objection to Police Officer Jordan Edison's testimony regarding Carrion's statements;

- Lyon and appellate counsel were ineffective in failing to argue the district court erred in finding Carrion was unavailable at trial and admitting her preliminary hearing testimony;

- Lyon was ineffective for failing to investigate potential alibi defenses;

- the prosecutor erred in closing argument;

- Lyon was ineffective for failing to object to the prosecutor's comments in closing arguments;

- Dunerway's due process rights were violated because he was prosecuted for aggravated kidnapping of Carrion based on preliminary hearing testimony, but he was unable to cross-examine Carrion or Dixson at trial; and

- cumulative error.

The district court held a nonevidentiary 60-1507 preliminary hearing with Dunerway present and with counsel. Dunerway also argued on his own behalf. The district court took the matter under advisement and later issued a written order finding Dunerway was not entitled to relief on any of his claims. Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review*

Under current Kansas law, a district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may

4

determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

"[Our] standard of review depends upon which of these options the district court used." 311 Kan. at 578. When the district court denies a K.S.A. 60-1507 motion based only on the motions, files, and records after a nonevidentiary preliminary hearing, we are in just as good a position as the district court to consider the merits. Therefore, our standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Dunerway basically raises nine issues in his brief. However, in the interests of clarity, we have condensed his issues into three claims: (1) errors by trial counsel; (2) prosecutorial error; and (3) cumulative error.

*Dunerway's ineffective assistance of trial counsel arguments fail.*

Dunerway asserts his trial counsel was ineffective for several reasons. His arguments can generally be summarized as claims his trial counsel was ineffective for: (1) failing to investigate or present alibi witnesses and (2) failing to object to or challenge the admission of testimony or other evidence by the State. His arguments on these points fail because they are contrary to the record below and he has abandoned the issues on appeal. We detail our reasons below.

5

*Dunerway waived his claim trial counsel was deficient for failing to investigate alibi witnesses.*

*Christopher Davis*

In his K.S.A. 60-1507 motion, Dunerway argued Lyon was ineffective for failing to investigate or call Davis—the person who called 911 to report the break-in at Roberts' apartment—as a potential alibi witness. Dunerway subsequently met Davis while the two were in the custody of the Kansas Department of Corrections. Dunerway claims Davis told him he never identified Dunerway as the person who attacked Roberts and broke into Roberts' apartment, and Davis was certain Dunerway was not the person he saw. In support of this claim, Dunerway submitted multiple affidavits from Davis stating the same. But, Dunerway chose to brief a different claim on appeal. Now he argues that the district court erred by failing to address his claim that he was entitled to a new trial based on newly discovered evidence—Davis' affidavit. As a result, Dunerway has abandoned his claim Lyon was ineffective for failing to investigate Davis as a potential alibi witness. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issue not briefed deemed waived or abandoned). At best, the point is incidentally raised but not argued, which is still deemed waived or abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). So we turn to whether he properly preserved the ineffective assistance of counsel claim based on newly discovered evidence.

Dunerway asserts he has preserved his claim because he raised the issue of newly discovered evidence at the preliminary hearing on his motion. He claims the district court should have liberally construed the arguments in his pro se motion. Specifically, he asserts he "informed the District Court that he incorporated [his] New Trial request based on Newly Discovered Evidence into his original [K.S.A. 60-1507 motion] instead of filing under K.S.A. 22-3501 to save the Court time and money." Dunerway is correct the district court did not rule on whether newly discovered evidence entitled him to a new

6

trial. However, he fails to argue or explain how the district court could have liberally construed his arguments in his K.S.A. 60-1507 motion as a request for a new trial based on newly discovered evidence. Our review of the record reflects the claim set forth in his motion was confusing, at best, and was not understood as a claim of newly discovered evidence by either party or by the district court. The transcript of the 60-1507 hearing informs our decision.

When the State asked where the issue of newly discovered evidence appeared in his motion, Dunerway responded it was in Exhibit F—Davis' affidavit. The State then asked what claim Exhibit F related to, and Dunerway responded: "[C]laim E. . . . Lyon was ineffective when he failed to adequately cross-examine and investigate State's witness Arvelle Roberts and investigate and to call Christopher A. Davis and Jeanstar Blandes as witnesses." However, nothing in claim E of that section of his motion fairly sets forth any argument for new trial based on newly discovered evidence. To the extent Dunerway referenced Davis' potential testimony, the argument before the district court related solely to whether Lyon was ineffective for failing to investigate and call Davis as an alibi witness.

Dunerway acknowledges a motion for new trial based on newly discovered evidence should be filed under K.S.A. 2021 Supp. 22-3501. But he fails to argue or explain how his claim meets the statutory requirements for filing such a motion. Specifically, a motion for new trial based on newly discovered evidence must be filed within two years of final judgment. K.S.A. 2021 Supp. 22-3501(1). Our court issued its mandate affirming Dunerway's convictions and sentences on December 22, 2016. Dunerway filed his original K.S.A. 60-1507 motion on March 24, 2017, but Dunerway's argument regarding Davis' potential testimony was couched as a claim of ineffective assistance of trial counsel. Dunerway withdrew his original motion on August 4, 2017, and filed a new K.S.A. 60-1507 motion on September 5, 2017, which he subsequently

7

amended on May 16, 2018. But his amended motion did not amend his claim regarding Lyon's failure to investigate Davis.

Dunerway failure to timely raise the issue is fatal to his current argument. It was not until the July 2019 preliminary hearing on his K.S.A. 60-1507 motion that Dunerway made an oral request for a new trial. This was more than two years after his convictions became final. Dunerway has failed to establish his claim should have been liberally construed as a timely motion for new trial under K.S.A. 2021 Supp. 22-3501.

*Jeanstar Blandes and Isaac Horn*

Dunerway further argues Lyon was ineffective for failing to investigate and call Blandes and Horn to testify as alibi witnesses. Dunerway acknowledges trial counsel met with both witnesses and decided not to call them as defense witnesses. The district court concluded Lyon's performance was not deficient under the totality of the circumstances. Dunerway asserts the district court should have held an evidentiary hearing to assess Lyon's representation. But even assuming, without deciding, that such a hearing would have been helpful, Dunerway still has not apprised us of an error requiring reversal. Most notably, Dunerway has not shown how the outcome of the trial would have been different if Blandes or Horn had testified. Because Dunerway is unable to show he was prejudiced by trial counsel's decision not to call Blandes and Horn, he has failed to meet his burden to show counsel's performance was deficient. See *Khalil-Alsalaami v. State*, 313 Kan. 472, 485-86, 486 P.3d 1216 (2021).

*Trial counsel did not unreasonably fail to object to or challenge the State's evidence.*

*Indy Sweatmon's testimony*

Dunerway argues Lyon was ineffective for failing to object to Sweatmon's 2013 trial testimony reflecting Dunerway was a pimp, asserting the evidence should not have been admitted. See K.S.A. 2021 Supp. 60-455(b). Dunerway also suggests Lyon should have objected to Sweatmon's testimony as a general matter because she was not credible. At the preliminary hearing on his motion, Dunerway attempted to expand his claim to also include a violation under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), asserting the State failed to disclose Sweatmon's prior criminal history, which included two convictions for crimes of dishonesty. However, the district court told Dunerway that was not the issue it was deciding; rather, its concern was whether Lyon was ineffective. Dunerway indicated he understood and proceeded to argue Lyon was ineffective for failing to (1) object to Sweatmon's testimony reflecting Dunerway was Carrion's and Sweatmon's pimp and (2) object to the district court's limiting instruction to the jury regarding that testimony.

On appeal Dunerway makes two arguments related to Sweatmon's testimony:  (1) The district court failed to rule on his *Brady* violation claim and (2) Lyon failed to properly object to Sweatmon's testimony.

We are not persuaded by Dunerway's *Brady* violation argument because it was never presented to the district court. The argument was not raised in Dunerway's K.S.A. 60-1507 motion, and the district court stated it would not consider the argument. Further, Dunerway's habeas counsel indicated he had no reason to believe Sweatmon's criminal history was not disclosed to the defense prior to trial. Habeas counsel also acknowledged any argument related to Sweatmon's criminal history should be couched as a claim of

9

ineffective assistance of counsel on the basis Lyon failed to use it during cross-examination.

As to Lyon's performance, Dunerway's arguments are unpersuasive. The district court concluded the testimony about whether Dunerway was a pimp was admissible because it affected the weight and credibility of the evidence for the jury to consider. We agree.

Finally, Dunerway is correct Lyon failed to contemporaneously renew his pretrial objection to the admission of Sweatmon's testimony under K.S.A. 2021 Supp. 60-455(b). But the absence of an objection does not necessarily demonstrate error or require reversal, especially when the claimed testimony was admissible. Most notably, Dunerway fails to explain why the evidence should not have been admitted under K.S.A. 2021 Supp. 60-455(b). Moreover, the district court found Dunerway was not entitled to relief because a limiting instruction was given stating the evidence could only be considered to establish motive and the relationship between the parties. Accordingly, Dunerway has not apprised us of any reason why Lyon's failure to contemporaneously object requires reversal.

*Police Officer Jordan Edison's trial testimony and Patricia Carrion's preliminary hearing testimony*

Dunerway argues Lyon was ineffective for failing to object to Edison's testimony regarding statements made to him by Carrion. Specifically, Dunerway argues Edison's testimony was inadmissible hearsay because Carrion was unavailable at trial. The district court found Carrion was unavailable to testify and allowed her preliminary hearing testimony to be read into the record at trial over Dunerway's objection. As a continuation of his argument regarding Edison's testimony, Dunerway further argues Lyon and his direct appeal counsel were ineffective for failing to argue the State had not established that Carrion was unavailable at trial.

10

The district court found Lyon's representation was not deficient because Edison's testimony regarding Carrion's statements was admissible. The statements Edison testified to were reflected in Carrion's preliminary hearing testimony, which was subject to cross-examination at the preliminary hearing and read into the record at trial based on Carrion's unavailability. Accordingly, the district court concluded any hearsay objection raised by Lyon to Edison's testimony would have been overruled.

Dunerway's next arguments regarding Edison's testimony similarly lacks merit. He simply reiterates the reasons he believes Carrion's preliminary hearing testimony should not have been read into the record at trial. He does not argue or explain how Edison's testimony regarding Carrion's prior statements went beyond the substance of her preliminary hearing testimony. Based on how Dunerway has framed his argument, he fails to show Edison's testimony was objectionable because it was based on Carrion's preliminary hearing testimony that was admitted at trial.

We also note Dunerway raised this issue on direct appeal, and the previous panel held Carrion's preliminary hearing testimony was admissible. *Dunerway*, 2015 WL 5224703, at *4-6. Dunerway cannot use his K.S.A. 60-1507 motion to relitigate an issue adversely decided on direct appeal. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (defendant must raise all available issues on direct appeal); Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal.").

The district court held Dunerway had no persuasive argument because the issue was rejected by the panel on direct appeal. Dunerway also incorrectly claimed the issue was not raised by Lyon or direct appeal counsel. Lyon timely objected to the district court's finding that Carrion was unavailable and its decision to allow her preliminary hearing testimony to be read into the record. The issue was clearly raised by appellate

11

counsel. Dunerway has not demonstrated any prejudicial error in his attorneys' performance as it relates to Edison's and Carrion's testimony.

*Dunerway's prosecutorial error claims are improper*.

Dunerway next argues the State committed prosecutorial error in its closing argument by making comments bolstering Sweatmon's credibility and making arguments unsupported by the evidence. Dunerway continues claiming Lyon was also ineffective for failing to object to the State's closing argument. The State correctly responds Dunerway's allegations of prosecutorial error are a claim of trial error and he has not explained why the issue was not raised on direct appeal.

The district court denied relief, finding the prosecutor's closing argument was not improper; therefore, there was no basis for Lyon to object. Moreover, the district court reasoned there was no prejudice because it had instructed the jury that the parties' statements and arguments were not evidence and should not be considered as such.

We review prosecutorial error claims based on a prosecutor's comments made during voir dire, opening statement, or closing argument even without a timely objection. *State v. Bodine*, 313 Kan. 378, 406, 486 P.3d 551 (2021). Dunerway fails to explain why the issue was not raised on direct appeal and does not argue or explain exceptional circumstances. And the fact Lyon did not object to the prosecutor's closing arguments did not preclude raising the issue on direct appeal. See *Bodine*, 313 Kan. at 406.

We find this discussion regarding the presence or absence of an objection to the prosecutor's closing argument to be misleading. We observe no reason to address this issue in detail because Dunerway did not raise this issue in his direct appeal, and he has not argued or explained exceptional circumstances to allow the issue to be considered in his K.S.A. 60-1507 motion. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212

(2009); see also *Neal*, 292 Kan. at 630 (defendant must raise all available issues on direct appeal).

*There is no cumulative error.*

Finally, Dunerway argues he is entitled to relief based on the cumulative effect of the errors alleged in his brief. The district court denied relief on the basis Dunerway failed to set forth any allegations establishing individual errors, and we observe none. Where no individual errors exist, the cumulative error doctrine cannot apply. *State v. Lemmie*, 311 Kan. 439, 455, 462 P.3d 161 (2020).

Affirmed.